| | | |
|---|---|---|
| DYNASTUDY, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:16-cv-1442 |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | **§** | |
| Defendant. | § | |

**DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Houston Independent School District ("HISD") states its answer, defenses, and affirmative defenses to Plaintiff DynaStudy, Inc.'s ("DynaStudy") Second Amended Complaint as follows: DynaStudy's opening paragraph does not contain any allegations requiring a response.

**Introduction**

1.      HISD denies the allegations contained in Paragraph 1.

2.      HISD denies that Plaintiff is entitled to any of the relief sought in Paragraph 2 because HISD has not and does not infringe any of DynaStudy's copyrights or trademarks.

**Parties**

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies the allegations.

4.      HISD admits it is a public independent school district located in Harris County, Texas and that HISD has made an appearance in this lawsuit.

## Jurisdiction and Venue

5.     Defendant admits that this action purports to arise under 28 U.S.C. §§ 1331 and 1338.

6.     Defendant admits that for the purposes of this action venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391, 1400(a), and 1391(b)(2).  HISD denies the remainder of Paragraph 6 and specifically denies any wrongdoing or infringement.

## FACTUAL BACKGROUND

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies the allegations.

## DynaStudy's Student Course Notes

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies the allegations.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies the allegations.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies the allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies the allegations.

## Other DynaStudy Materials

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies the allegations.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the allegations.

## DynaStudy's Registered Copyrights and Trademarks

14.     Defendant lacks knowledge or information sufficient to form a belief as to the ownership of the items listed in Exhibit A, and therefore denies the allegations.  Defendant admits that purported copyright registrations were attached as Exhibit B to the Amended Complaint. Defendant denies the remaining allegations in Paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies the allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore denies the allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies the allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies the allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies the allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies the allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies the allegations.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies the allegations.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies the allegations.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies the allegations.

## GENERAL ALLEGATIONS

### Defendant's Alleged Infringement of DynaStudy's Copyrighted Works

25.     Defendant denies the allegations of Paragraph 25.

26.     Defendant denies the allegations of Paragraph 26.

### Defendant's Lanier Middle School and teacher Dennis Huffman.

27.     The Court has dismissed Plaintiff's claims in the Amended Complaint with respect to Mr. Huffman.  Therefore, a response to Paragraph 27 is not required.  To the extent a response is required, Defendant denies the allegations of Paragraph 27.

28.     The Court has dismissed Plaintiff's claims in the Amended Complaint with respect to Mr. Huffman.  Therefore, a response to Paragraph 28 is not required.  To the extent a response is required, Defendant denies the allegations of Paragraph 28.

29.     The Court has dismissed Plaintiff's claims in the Amended Complaint with respect to Mr. Huffman.  Therefore, a response to Paragraph 29 is not required.  To the extent a response is required, Defendant denies the allegations of Paragraph 29.

### Defendant's High School for the Performing and Visual Arts and teacher Nicole DiLuglio.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies the allegations.

31.     Defendant denies the allegations of Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32.

**Defendant's Westside High School and teacher Thomas Dohoney.**

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies the allegations.

34.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore denies the allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies the allegations.

36.     Defendant denies the allegations of Paragraph 36.

**Defendant's DeBakey High School and teacher Marla Maharaj.**

37.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies the allegations.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies the allegations.

39.     Defendant denies the allegations of Paragraph 39.

40.      Defendant admits that DynaStudy's counsel sent a letter to HISD dated July 28, 2015.  Defendant denies the remaining allegations of Paragraph 40.

41.     Defendant admits that DynaStudy's counsel sent a letter to HISD dated August 27, 2015.  Defendant denies the remaining allegations of Paragraph 41.

42.     Defendant admits that Defendant's counsel sent a letter dated September 25, 2015, denying wrongdoing.  Defendant denies the remaining allegations of Paragraph 42.

**Alleged Creation of Alleged Infringing Document by Defendant's teacher Michael Partridge and Distribution**

43.     Defendant denies the allegations of Paragraph 43.

44.     Defendant denies the allegations of Paragraph 44.

45.     Defendant denies the allegations of Paragraph 45.

46.     Defendant denies the allegations of Paragraph 46.

**Defendant's Yates High School and Administrator Jacqueline Thompson**

47.     Defendant admits that DynaStudy's sales representative Suzie Williams met with Ms. Thompson at Yates High School.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore denies the allegations.

49.     Defendant denies the allegations of Paragraph 49.

50.     Defendant denies the allegations of Paragraph 50.

**DISCOVERY CONDUCTED DURING THIS LAWSUIT**

51.     Defendant admits that in the past it has purchased DynaStudy's study materials. Defendant denies the remaining allegations of Paragraph 51.

52.     Defendant denies the allegations of Paragraph 52.

**HISD'S Lisa Chestnut**

53.     Defendant denies the allegations of Paragraph 53.

**HISD's Wyanthia Price-Simmons, Maria "Marie" Moreno, and Stephanie McCormack**

54.     Defendant denies the allegations of Paragraph 54.

**Torrye Hooper and Nedaro Bellamy**

55.     Defendant denies the allegations of Paragraph 55.

**HISD's Keshani Pathirage, Kenneth Webster**

56.     Defendant denies the allegations of Paragraph 56.

**Nedaro Bellamy**

57.     Defendant denies the allegations of Paragraph 57.

58.    Defendant denies the allegations of Paragraph 58.

59.    Defendant denies the allegations of Paragraph 59.

60.    Defendant denies the allegations of Paragraph 60.

61.    Defendant denies the allegations of Paragraph 61.

### HISD's Brian Canfield

62.    Defendant denies the allegations of Paragraph 62.

### HISD's Bella Angelina Delgado

63.    Defendant denies the allegations of Paragraph 63.

64.    Defendant denies the allegations of Paragraph 64.

### HISD's Alcott Elementary and Mae Randall

65.    Defendant denies the allegations of Paragraph 65.

### HISD's Smita Ghosh and Mario Sandoval

66.    Defendant denies the allegations of Paragraph 66.

### HISD's Durham Elementary and Michael Zubler

67.    Defendant denies the allegations of Paragraph 67.

### HISD's Paul Lau

68.    Defendant denies the allegations of Paragraph 68.

### HISD's Gay Morris

69.    Defendant denies the allegations of Paragraph 69.

### HISD's Almeda Elementary and Nikki Skinner

70.    Defendant denies the allegations of Paragraph 70.

### Westside High School and Principal Marguerite "Peggi" Stewart

71.    Defendant denies the allegations of Paragraph 71.

72.    Defendant denies the allegations of Paragraph 72.

**HISD teacher Cecillia VanDuyn and the Alleged "pink Post-it®" copy of Biology EOC**

73.  Defendant denies the allegations of Paragraph 73.

74.  Defendant denies the allegations of Paragraph 74.

75.  Defendant denies the allegations of Paragraph 75.

### HISD's Sarinder Singh

76.  Defendant denies the allegations of Paragraph 76.

### HISD's Sophia Castillo and Carona Burns

77.  Defendant denies the allegations of Paragraph 77.

### HISD's Ruby Surratt

78.  Defendant denies the allegations of Paragraph 78.

### HISD's Rick Nagir

79.  Defendant denies the allegations of Paragraph 79.

**HISD's teachers locate and allegedly circulate work posted online by Alief ISD**

80.  Defendant denies the allegations of Paragraph 80.

### HISD's Kelle Sanchez

81.  Defendant denies the allegations of Paragraph 81.

### HISD teacher Nicholas Newton

82.  Defendant denies the allegations of Paragraph 82.

### HISD's Fermin Plancarte

83.  Defendant denies the allegations of Paragraph 83.

### HISD's James Street

84.  Defendant denies the allegations of Paragraph 84.

85.  Defendant denies the allegations of Paragraph 85.

## DEFENDANT'S ALLEGED INFRINGEMENT OF DYNASTUDY'S DYNANOTES® MARK

86.     Defendant denies the allegations of Paragraph 86.

87.     Defendant denies the allegations of Paragraph 87.

## ALLEGED VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")

### HISD's West Region Science Coordinator James Street

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, and therefore denies the allegations.

89.     Defendant denies the allegations of Paragraph 89.

90.     Defendant denies the allegations of Paragraph 90.

91.     Defendant denies the allegations of Paragraph 91.

### HISD's Torrye Hooper and Nedaro Bellamy

92.     Defendant denies the allegations of Paragraph 92.

93.     Defendant denies the allegations of Paragraph 93.

### Nedaro Bellamy

94.     Defendant denies the allegations of Paragraph 94.

95.     Defendant denies the allegations of Paragraph 95.

### Brian Canfield

96.     Defendant denies the allegations of Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97.

### Smita Ghosh and Mario Sandoval

98.     Defendant denies the allegations of Paragraph 98.

99.     Defendant denies the allegations of Paragraph 99.

### HISD's Reagan/Heights High School and Michael Partridge

100.   Defendant denies the allegations of Paragraph 100.

101.   Defendant denies the allegations of Paragraph 101.

102.   Defendant denies the allegations of Paragraph 102.

103.   Defendant denies the allegations of Paragraph 103.

104.   Defendant denies the allegations of Paragraph 104.

### HISD's Hortense Campbell

105.   Defendant denies the allegations of Paragraph 105.

106.   Defendant denies the allegations of Paragraph 106.

107.   Defendant denies the allegations of Paragraph 107.

### HISD's Cecilia VanDuyn, Maria Garner, and Nayan Patel

108.   Defendant denies the allegations of Paragraph 108.

109.   Defendant denies the allegations of Paragraph 109.

110.   Defendant denies the allegations of Paragraph 110.

111.   Defendant denies the allegations of Paragraph 111.

### HISD's Wilmer Naranjo and Sara Mitcham

112.   Defendant denies the allegations of Paragraph 112.

113.   Defendant denies the allegations of Paragraph 113.

### HISD's West Briar Middle School Teacher Sarinder Singh

114.   Defendant denies the allegations of Paragraph 114.

115.   Defendant denies the allegations of Paragraph 115.

116.   Defendant denies the allegations of Paragraph 116.

117.   Defendant denies the allegations of Paragraph 117.

**DEFENDANT'S ALLEGED FAILURE TO TAKE ADEQUATE MEASURES TO STOP THE ALLEGED INFRINGEMENT OF DYNASTUDY'S INTELLECTUAL PROPERTY RIGHTS.**

118.     Defendant denies the allegations of Paragraph 118.

**Defendant Refuses to Acknowledge Any Infringement of DynaStudy's Intellectual Property Rights.**

119.     Defendant admits that HISD was contacted by counsel for DynaStudy on November 1, 2012, and May 1, 2014.  Defendant denies the remaining allegations of Paragraph 119.

120.     Defendant admits that HISD was contacted by counsel for DynaStudy on July 28, 2015; August 27, 2015; and September 25, 2015.  Defendant denies the remaining allegations of Paragraph 120.

121.     Defendant admits that HISD was contacted by counsel for DynaStudy on April 4, 2016, and July 28, 2015, regarding the litigation hold in place.  Defendant denies the remaining allegations of Paragraph 121.

122.     Defendant admits that HISD was contacted by counsel for DynaStudy on April 29, 2016.  Defendant denies the remaining allegations of Paragraph 122.

**Defendant Allegedly Ignores the Legal Protections Afforded DynaStudy's Copyrighted Works.**

123.     Defendant denies the allegations of Paragraph 123.

124.     Defendant denies the allegations of Paragraph 124.

**Defendant Allegedly Failed to Take Adequate Steps to Stop the Infringement.**

125.     Defendant admits that through counsel it communicated with DynaStudy via an April 29, 2016, letter.  The remaining allegations of Paragraph 125 call for a legal conclusion, therefore Defendant denies the remaining allegations of Paragraph 125.

126.    Defendant admits that through counsel it communicated with DynaStudy via an April 29, 2016, letter.  The remaining allegations of Paragraph 126 call for a legal conclusion, therefore Defendant denies the remaining allegations of Paragraph 126.

127.    Defendant denies the allegations of Paragraph 127.

128.    Defendant denies the allegations of Paragraph 128.

129.    Defendant denies the allegations of Paragraph 129.

130.    Defendant denies the allegations of Paragraph 130.

131.    Defendant denies the allegations of Paragraph 131.

**Count One—Copyright Infringement Under the Copyright Act §§ 101, et seq.**

132.     Defendant's responses to Paragraphs 1-131 are incorporated by reference herein.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the ownership the Copyrighted Works, and therefore denies the allegations.  Defendant denies the remaining of the allegations of Paragraph 133.

134.    Defendant denies the allegations of Paragraph 134.

135.    Defendant admits that in the past it has purchased products from DynaStudy. Defendant denies the remaining allegations of Paragraph 135.

136.    Defendant denies the allegations of Paragraph 136.

137.    Defendant denies the allegations of Paragraph 137.

138.    Defendant denies the allegations of Paragraph 138.

139.    Defendant denies the allegations of Paragraph 139.

140.    Defendant denies the allegations of Paragraph 140.

141.    Defendant denies the allegations of Paragraph 141.

142.    Defendant denies the allegations of Paragraph 142.

143. Defendant denies the allegations of Paragraph 143.

144. Defendant denies the allegations of Paragraph 144.

145. Defendant denies the allegations of Paragraph 145.

146. Defendant denies the allegations of Paragraph 146.

## Count Two—Vicarious Copyright Infringement Under the Copyright Act §§ 501, et seq.

147. Defendant's responses to Paragraphs 1-146 are incorporated by reference herein.

148. Defendant denies the allegations of Paragraph 148.

149. Defendant denies the allegations of Paragraph 149.

150. Defendant denies the allegations of Paragraph 150.

151. Defendant denies the allegations of Paragraph 151.

152. Defendant denies the allegations of Paragraph 152.

153. Defendant denies the allegations of Paragraph 153.

154. Defendant denies the allegations of Paragraph 154.

155. Defendant denies the allegations of Paragraph 155.

156. Defendant denies the allegations of Paragraph 156.

157. Defendant denies the allegations of Paragraph 157.

## Count Three—Violation of DMCA § 1202(B)

158. Defendant's responses to Paragraphs 1-157 are incorporated by reference herein.

159. Defendant denies the allegations of Paragraph 159.

160. Defendant denies the allegations of Paragraph 160.

161. Defendant denies the allegations of Paragraph 161.

162. Defendant denies the allegations of Paragraph 162.

163. Defendant denies the allegations of Paragraph 163.

164.     Defendant denies the allegations of Paragraph 164.

165.     Defendant denies the allegations of Paragraph 165.

166.     Defendant denies the allegations of Paragraph 166.

167.     Defendant denies the allegations of Paragraph 167.

### Count Four—Trademark Infringement Under the Lanham Act § 32(1) (15 U.S.C. § 114(1))

168.     Defendant's responses to Paragraphs 1-167 are incorporated by reference herein.

169.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169, and therefore denies the allegations.

170.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170, and therefore denies the allegations.

171.     Defendant denies the allegations of Paragraph 171.

172.     Defendant denies the allegations of Paragraph 172.

173.     Defendant denies the allegations of Paragraph 173.

174.     Defendant denies the allegations of Paragraph 174.

175.     Defendant denies the allegations of Paragraph 175.

176.     Defendant denies the allegations of Paragraph 176.

177.     Defendant denies the allegations of Paragraph 177.

### REQUEST FOR IMPOUNDING AND DESTRUCTION OF ALL ALLEGEDLY INFRINGING COPIES

178.     Defendant's responses to Paragraphs 1-177 are incorporated by reference herein.

179.     Paragraph 179 is a request for relief, which does not require an admission or denial. In any event, Defendant denies that Plaintiff is entitled to recover and/or receive any of the relief sought in Paragraph 179.  To the extent that Paragraph 179 contains factual allegations, Defendant denies the same.

180.     Paragraph 180 is a request for relief, which does not require an admission or denial. In any event, Defendant denies that Plaintiff is entitled to recover and/or receive any of the relief sought in Paragraph 180.  To the extent that Paragraph 180 contains factual allegations, Defendant denies the same.

## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

181.     Defendant's responses to Paragraphs 1-180 are incorporated by reference herein.

182.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraphs 1-182.

183.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-183.

184.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-184.

185.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-185.

186.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-186.

187.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-187.

188.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-188.

189.     Defendant denies that Plaintiff is entitled to either a preliminary or a permanent injunction based upon the allegations set forth in Paragraph  1-189.

## Prayer for Relief

190.    Paragraphs 190-201 are requests for relief, which do not require an admission or denial.  In any event, Defendant denies that Plaintiff is entitled to recover and/or receive any of the relief sought in Paragraphs 190-201.   To the extent that Paragraphs 190-201 contain factual allegations, Defendant denies the same.

## Jury Trial

Plaintiff's request for a jury trial neither requires an admission nor a denial.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), without altering the burden of proof, Defendant asserts the following defenses, which are based on Defendant's investigation to date. Defendant's investigation of its defenses is continuing, and Defendant reserves the right to assert all affirmative defenses and any other defense, at law or in equity, that may now exist or in the future may be available based upon discovery and further investigation.

### Allegations Pertaining to Dennis Huffman

1.      Plaintiff alleges that Mr. Huffman infringed DynaStudy's copyright to its Grade 8 Science for STAAR guide. The complained-of material posted by Mr. Huffman was posted to a website outside of Defendant's custody or control. Mr. Huffman was not aware that the complained-of material allegedly included DynaStudy's allegedly copyrighted material. Defendant asked Mr. Huffman to remove the complained-of material from his website, and the material was removed and deleted in 2012. The Court dismissed DynaStudy's claims for monetary damages pertaining to Mr. Huffman's alleged conduct in an Order dated April 6, 2017 (Dkt. 32).

### Allegations Pertaining to Nicole DiLuglio

2.      Plaintiff alleges that Ms. DiLuglio allegedly infringed DynaStudy's copyrights to its Biology EOC student course notes. Ms. DiLuglio found a copy of the complained-of material on the Internet and posted it to a website outside of Defendant's custody or control. Ms. DiLuglio did not know that the complained-of material was allegedly copyrighted. Ms. DiLuglio did not remove or alter DynaStudy's copyright management information ("CMI") from DynaStudy's Biology EOC student course notes or distribute an unauthorized copy of the work knowing that the CMI had been removed or altered. Defendant asked Ms. DiLuglio to remove the complained-of material from her

website, and the material was removed and deleted in 2014. There is no evidence that Ms. DiLuglio had actual knowledge of DynaStudy's alleged CMI.

## Allegations pertaining to Thomas Dohoney

3.      Plaintiff alleges that Mr. Dohoney infringed DynaStudy's copyrights in its Physics EOC and Chemistry EOC student course notes. The complained-of material is an approximately 400-page review guide that Mr. Dohoney created for his students and posted on Mr. Dohoney's classroom website controlled by Defendant. Mr. Dohoney did not plagiarize DynaStudy's Physics EOC or Chemistry EOC student course notes. Mr. Dohoney's campus, Westside High School, purchased legal copies of DynaStudy's Physics EOC and Chemistry EOC student course notes, and Mr. Dohoney used some of the factual information in these legally-purchased materials, such as formulas, equations, and definitions, and included this factual information in his review guide for his students. Mr. Dohoney did not copy any of the graphics or artwork in DynaStudy's Physics EOC or Chemistry EOC student course notes. Additionally, much of the material in Mr. Dohoney's review guide mirrors the Texas Essential Knowledge and Skills ("TEKS"), which are state standards that are published by the Texas Education Agency ("TEA") and which are in the public domain for public schools. The review guide that Mr. Dohoney created is not substantially similar to DynaStudy's Physics EOC or Chemistry EOC student course notes.

4.      Plaintiff further alleges that Mr. Dohoney infringed DynaStudy's DynaNotes® trademark. Mr. Dohoney used DynaStudy's domain name, www.dynanotes.com, on the footer of some of the pages of the review guide that he created to indicate where his students could find DynaStudy's products. Mr. Dohoney did not use DynaStudy's registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services. Mr. Dohoney did

not use DynaStudy's registered mark commercially. There is no evidence that Mr. Dohoney had actual knowledge of DynaStudy's alleged CMI.

<u>**Allegations Pertaining to Marla Maharaj**</u>

5.     Plaintiff alleges that Ms. Maharaj infringed DynaStudy's copyrights to DynaStudy's Biology EOC student notes. Ms. Maharaj received a copy of the complained-of material from a student, and it was posted to Defendant's website. Ms. Maharaj did not know that the complained-of material was allegedly copyrighted. Ms. Maharaj did not remove or alter DynaStudy's CMI from DynaStudy's Biology EOC student course notes or distribute an unauthorized copy of the work knowing that the CMI had been removed or altered. After Plaintiff notified Defendant of the complained-of material, it was removed and deleted from Defendant's website. There is no evidence that Ms. Maharaj had actual knowledge of DynaStudy's alleged CMI.

<u>**Allegations Pertaining to Amanda Schultz-Weaver**</u>

6.     Plaintiff alleges that Ms. Schultz-Weaver infringed DynaStudy's copyrights to DynaStudy's Biology EOC student notes. Ms. Schultz-Weaver has not been employed by Defendant since about June 8, 2013. The complained-of material was posted to a website outside of Defendant's custody or control. Nevertheless, Defendant asked Ms. Schultz-Weaver to remove the complained-of material from her website after Defendant became aware of the allegations as a result of this litigation.

<u>**Allegations Pertaining to Jacqueline Thompson**</u>

7.     Plaintiff alleges that Ms. Thompson or someone else at Yates High School infringed DynaStudy's copyrights to its English I EOC student course notes. DynaStudy's sales representative left an example of DynaStudy's English I EOC student course notes at Yates High School to allow the staff to determine if they were going to purchase the materials, which they did.

The evidence does not show that Ms. Thompson or anyone else at Yates High School removed DynaStudy's CMI from its products or made any unauthorized copies. The evidence does not show that Ms. Thompson or anyone else at Yates High School had actual knowledge of DynaStudy's alleged CMI.

<u>**Allegations Pertaining to Lisa Chestnut**</u>

8.     Plaintiff alleges that Ms. Chestnut infringed DynaStudy's copyrights to its Grade 8 Science for TAKS student course notes. Ms. Chestnut did not infringe DynaStudy's copyright. The complained-of materials are a set of worksheets that mirror the TEK objectives in the public domain for Texas schools. The complained-of materials do not plagiarize DynaStudy's Grade 8 Science for TAKS student course notes. Rather, the complained-of materials are student worksheets that include factual information such as scientific definitions and study questions that were not created by Plaintiff. There is no evidence that Ms. Chestnut created or distributed the complained-of materials or that Ms. Chestnut had actual knowledge of DynaStudy's alleged CMI. The complained-of materials are not substantially similar to DynaStudy's Grade 8 Science for TAKS student course notes.

<u>**Allegations Pertaining to Wyanthia Price-Simmons, Maria Moreno, and Stephanie McCormack**</u>

9.     Plaintiff alleges that Ms. Price-Simmonds, Ms. Moreno, and Ms. McCormack allegedly infringed DynaStudy's copyrights to its Revised Grade 6 Math for TAKS, Revised Grade 7 Math for TAKS, and Revised Grade 8 Math for TAKS student course notes. Ms. Price-Simmonds, Ms. Moreno, and Ms. McCormack did not infringe DynaStudy's copyrights. The evidence does not show that Ms. Price-Simmons, Ms. Moreno, or Ms. McCormack made any unauthorized copies of DynaStudy's Grade 6 Math for TAKS, Revised Grade 7 Math for TAKS,

or Revised Grade 8 Math for TAKS student course notes or that Ms. Price-Simmons, Ms. Moreno, or Ms. McCormack had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Torrye Hooper

10.     Plaintiff alleges that Ms. Hooper allegedly infringed DynaStudy's copyright in its Grade 8 Science for TAKS student course notes and Test-Taking Tips. Ms. Hooper did not infringe DynaStudy's copyrights. There is no evidence that Ms. Hooper reproduced or distributed any unauthorized copies of DynaStudy's 8 Science for TAKS student course notes or Test-Taking Tips. In fact, after or around the time of the alleged infringement, Ms. Hooper ordered several classroom sets of DynaStudy materials. Moreover, there is no evidence that Ms. Hooper had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Keshani Pathirage and Kenneth Webster

11.     Plaintiff alleges that Ms. Pathirage infringed DynaStudy's copyright in its Revised Grade 8 Math for TAKS student course notes and that Mr. Webster was complicit in the alleged infringement. Neither Ms. Pathirage nor Mr. Webster infringed DynaStudy's copyright. There is no evidence that Ms. Pathirage reproduced or distributed any unauthorized copies of DynaStudy's Grade 8 Math for TAKS student course notes or that Ms. Pathirage or Mr. Webster had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Nedaro Bellamy

12.     Plaintiff alleges that Ms. Bellamy infringed DynaStudy's copyright in its Grade 8 Science for TAKS student course notes. Ms. Bellamy did not infringe DynaStudy's copyright. Rather, Ms. Bellamy distributed alleged copies of DynaStudy materials for educational purposes. Ms. Bellamy did not post any DynaStudy material online or onto HISD's HUB. Some of the questions in the alleged derivative material in question are old state test questions from the state assessment administered by the TEA. Ms. Bellamy believed the material in question was created

to assist students with special needs. Ms. Bellamy did not create any of the material in question nor did she sell any of the allegedly infringing material. There is no evidence that Ms. Bellamy had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Brian Canfield**

13.     Plaintiff alleges that Mr. Canfield infringed DynaStudy's Grade 8 Social Studies for TAKS student course notes. Mr. Canfield did not infringe DynaStudy's copyright. There is no evidence that Mr. Canfield had actual knowledge of DynaStudy's alleged CMI. Further, there is no evidence that Mr. Canfield removed or altered DynaStudy's alleged CMI from DynaStudy's Grade 8 Social Students for TAKS student course notes or distributed an unauthorized copy of the work knowing that the CMI had been removed or altered.

**Allegations Pertaining to Bella Angelina Delgado and Elise Johnson**

14.     Plaintiff alleges that Ms. Delgado infringed DynaStudy's Grade 7 Writing for TAKS student course notes and that Ms. Johnson was complicit in the infringement. Neither Ms. Delgado nor Ms. Johnson infringed DynaStudy's copyright. There is no evidence that Ms. Delgado made unauthorized copies of DynaStudy's Grade 7 Writing for TAKS student course notes. There is no evidence that Ms. Delgado or Ms. Johnson had actual knowledge of DynaStudy's alleged CMI. Additionally, there is no evidence that Ms. Johnson was complicit in any alleged infringement.

**Allegations Pertaining to Mae Randall**

15.     Plaintiff alleges that Ms. Randall and Ms. Brown infringed DynaStudy's copyright to its Revised Grade 3 Math for TAKS student course notes. Neither Ms. Randall nor Ms. Brown infringed DynaStudy's copyright. There is no evidence that either Ms. Brown or Ms. Randall reproduced, received, or distributed an unauthorized copy of any DynaStudy materials. Moreover, there is no evidence that either Ms. Randall or Ms. Brown had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Smita Ghosh and Mario Sandoval

16.     Plaintiff alleges that Ms. Ghosh and Mr. Sandoval infringed DynaStudy's copyrights to its Grade 5 Science for TEKS and Grade 5 Science for TAKS student course notes. Neither Ms. Ghosh nor Mr. Sandoval infringed DynaStudy's copyrights. Moreover, there is no evidence that either Ms. Ghosh or Mr. Sandoval had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Michael Zubler

17.     Plaintiff alleges that Mr. Zubler infringed DynaStudy's copyrights to its Grade 5 Science for TEKS and Grade 5 Science for TAKS student course notes. There is no evidence that Mr. Zubler infringes DynaStudy's copyrights. Moreover, there is no evidence that Mr. Zubler had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Paul Lau

18.     Plaintiff alleges that Mr. Lau infringed DynaStudy's copyrights to its Exit Level Science for TAKS student course notes. Mr. Lau did not infringe DynaStudy's copyright. Moreover, there is no evidence that Mr. Lau had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Gay Morris

19.     Plaintiff alleges that Ms. Morris infringed DynaStudy's copyrights to its Grade 8 Science for STAAR student course notes. The complained-of material does not plagiarize DynaStudy's Grade 8 Science for STAAR student course notes. The complained-of material is a study guide that includes factual information such as scientific definitions that were not created by Plaintiff. Instead, the complained-of material mirrors the TEKS, the state standards published by the TEA in the public domain for Texas schools. The complained-of material is not substantially similar to DynaStudy's Grade 8 Science for STAAR course notes. Moreover, there is no evidence that Ms. Morris had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Nikki Skinner

20.     Plaintiff alleges that Ms. Skinner infringed DynaStudy's copyrights to its Grade 5 Science for STAAR student course notes.  However, Plaintiff merely alleges that Ms. Skinner *requested* a copy of DynaStudy materials.  There is no evidence that Ms. Skinner reproduced, received, or distributed an unauthorized copy of any DynaStudy materials.  A request for a copy does not constitute actual infringement.  Moreover, there is no evidence that Ms. Skinner had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Marguerite "Peggi" Stewart

21.     Plaintiff alleges that Ms. Stewart infringed DynaStudy's copyrights to its Algebra I EOC, Algebra II EOC, Geometry EOC, English I EOC, English II EOC, Biology EOC, Chemistry EOC, Physics EOC, World Geography EOC – 2nd Edition, and World History EOC student course notes.  As support for this allegation, Plaintiff cites an email in which Ms. Stewart allegedly suggests making copies of these materials legally purchased for Westside High School.  However, the evidence does not show that Ms. Stewart or any other HISD employees at Westside High School actually made or distributed unauthorized copies of these materials.  In fact,  some of the DynaStudy materials that were purchased by Westside High School largely went unused and were thrown away.  Moreover, there is no evidence that Ms. Stewart had actual knowledge of DynaStudy's alleged CMI.

### Allegations Pertaining to Cecellia VanDuyn

22.     Plaintiff alleges that Ms. VanDuyn infringed DynaStudy's copyrights to its Biology EOC student course notes.  Ms. VanDuyn did not infringe DynaStudy's copyright.  Moreover, there is no evidence that Ms. VanDuyn had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Sarinder Singh

23.     Plaintiff alleges that Mr. Singh infringed DynaStudy's copyrights to its Grade 8 Science for STAAR student course notes.  Mr. Singh did not infringe DynaStudy's copyright, nor did he remove any of the CMI information from the material.  Rather, Mr. Singh distributed alleged copies of DynaStudy material for educational purposes.  Mr. Singh did not sell or otherwise receive compensation for distributing the alleged copies of DynaStudy material.  Mr. Singh did not post any DynaStudy materials online or onto HISD's HUB.  Mr. Singh did not remove or alter any copyright notice information from DynaStudy's material. Mr. Singh was unaware of the copyright notice information on the DynaStudy Grade 8 Science for STAAR material and was unaware of the wording that was obscured on the alleged copy of the DynaStudy Grade 8 Science for STAAR student course notes. Moreover, there is no evidence that Mr. Singh had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Sophia Castillo and Carona Burns

24.     Plaintiff alleges that Ms. Castillo and Ms. Burns infringed DynaStudy's copyrights to its Chemistry EOC student course notes.   Ms. Castillo and Ms. Burns did not infringe DynaStudy's copyright.  Moreover, there is no evidence that Ms. Castillo or Ms. Burns had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Ruby Surratt

25.     Plaintiff alleges that Ms. Surratt infringed DynaStudy's copyrights to its Grade 8 Science for STAAR Review & Intervention Program Book and the separate Answer Key. However, DynaStudy fails to mention that reproduction of this material was authorized by both language in the Program Book, which states, "Activity book pages may be reproduced by the teacher for use with one student only," as well as by statements made by DynaStudy sales representatives.  Accordingly, any reproduction of this material does not constitute unauthorized

reproduction sufficient for copyright infringement. Moreover, there is no evidence that Ms. Surratt had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Rick Nagir**

26.    Plaintiff alleges that Mr. Nagir infringed DynaStudy's copyrights to its Grade 3 Math for STAAR, Grade 4 Math for STAAR, Grade 5 Math for STAAR, and Grade 5 Science for STAAR or Grade 3 Math for TAKS, Grade 4 Math for TAKS, Grade 5 Math for TAKS, and Grade 5 Science for TAKS student course notes. Mr. Nagir did not infringe DynaStudy's copyright. The evidence does not show that Mr. Nagir actually reproduced or distributed unauthorized copies of DynaStudy's material. A request or statement to copy materials does not constitute infringement. Moreover, there is no evidence that Mr. Nagir had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Materials Created by Alief ISD**

27.    Plaintiff alleges that HISD employees located and began circulating a derivative work of the DynaNotes Biology EOC and Chemistry EOC student course notes that was posted online by Alief ISD. HISD did not create this work and did not know that it was allegedly derivative of DynaStudy materials. The HISD employees further did not know that it allegedly contained DynaStudy material. Accordingly, the DMCA "Caching" Safe Harbor, 17 U.S.C. 512(b), is applicable here. Moreover, there is no evidence that HISD employees had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Kellee Sanchez**

28.    Plaintiff alleges that Ms. Sanchez infringed DynaStudy's copyrights to its Grade 8 Science for STAAR student course notes. Ms. Sanchez did not infringe DynaStudy's copyright. Moreover, there is no evidence that Ms. Sanchez had actual knowledge of DynaStudy's alleged CMI.

-26-

## Allegations Pertaining to Nicholas Newton

29.    Plaintiff alleges that Mr. Newton infringed DynaStudy's copyrights to its Biology EOC student course notes.  Mr. Newton did not infringe DynaStudy's copyright.  Moreover, there is no evidence that Mr. Newton had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Fermin Plancarte

30.    Plaintiff alleges that Ms. Plancarte infringed DynaStudy's copyrights to its Grade 8 Math Eligible TEKS Program Activity Book and answer key.  However, DynaStudy fails to mention that reproduction of this material was authorized by both language in the Program Book, which states "pages may be reproduced by the teacher for use with his/her assigned students only," as well as by statements made by DynaStudy sales representatives.  Accordingly, the alleged reproduction of this material does not constitute unauthorized reproduction sufficient for copyright infringement, and there is no evidence that Ms. Plancarte had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to James Street

31.    Plaintiff alleges that Mr. Street infringed DynaStudy's copyrights to its Grade 5 Science for TAKS, Grade 4 Math for TAKS, and Grade 4 Reading for TAKS student course notes. Mr. Street did not infringe DynaStudy's copyright.  There is no evidence that Mr. Street actually sent the allegedly infringing material, and there is no evidence that Mr. Street had actual knowledge of DynaStudy's alleged CMI.

## Allegations Pertaining to Hortense Campbell

32.    Plaintiff alleges that Ms. Campbell infringed DynaStudy's copyright in its Exit Level Science for TAKS student course notes.  Ms. Campbell did not infringe DynaStudy's copyright, and there is no evidence that Ms. Campbell had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Michael Partridge**

33.     Plaintiff alleges that Mr. Partridge infringed DynaStudy's copyright in its Biology EOC student course notes.  Mr. Partridge did not infringe DynaStudy's copyright.  Moreover, there is no evidence that Mr. Partridge had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Cecellia VanDuyn, Maria Garner, and Nayan Patel**

34.     Plaintiff alleges that Ms. VanDuyn, Ms. Garner, and Ms. Patel infringed DynaStudy's copyright in its Biology EOC student course notes.  There is no evidence that Ms. VanDuyn or Ms. Prieto made the physical copies as alleged in the Second Amended Complaint. Moreover, there is no evidence that Ms. VanDuyn, Ms. Garner, or Ms. Patel had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to Wilmer Naranjo and Sara Mitcham**

35.     Plaintiff alleges that Mr. Naranjo and Ms. Mitcham infringed DynaStudy's copyright in its Biology EOC student course notes.  Mr. Naranjo and Ms. Mitcham did not infringe this copyright by making an unauthorized copy of this material.  Neither Mr. Naranjo or Ms. Mitcham removed the CMI from the material.  Moreover, the evidence does not show that Mr. Naranjo or Ms. Mitcham had actual knowledge of DynaStudy's alleged CMI.

**Allegations Pertaining to HISD's Efforts**

36.     Plaintiff alleges that HISD did not take sufficient measures to stop the alleged infringement.  In fact, though HISD was previously unaware of any possible infringement by HISD employees, HISD acted promptly upon notice by DynaStudy.

37.     Specifically, after the in-house legal department received each written communication from DynaStudy prior to filing a complaint, the complained-of materials were removed from any source over which HISD had custody and control, and HISD searched for other

copies, which, if located, were also removed. HISD maintains that it has not infringed any of DynaStudy's copyrights or trademarks. The removal of the complained-of materials is not an admission of infringement, but rather a precautionary measure to address all complaints regarding copyrights and trademarks, whether legitimate or not, and to mitigate the risk of copying and/or distribution.

38.     More specifically, Ellen Harris of DynaStudy contacted HISD prior to this lawsuit notifying HISD of alleging infringement of DynaStudy's Grade 8 Science student course notes on Mr. Huffman's website. Mr. Huffman works at Lanier Middle School. Mr. Galbraith contacted Mr. Huffman regarding the complained-of material and directed its removal from HISD's servers pursuant to DynaStudy's request. Mr. Galbraith reported back to Ellen Harris of DynaStudy that the complained-of material had been removed and that Mr. Huffman received the complained-of material from someone else via email, but that the material was not used in Mr. Huffman's classroom. Mr. Galbraith also reported to DynaStudy that Mr. Huffman could not locate the email. Mr. Galbraith further reported to DynaStudy that Mr. Huffman communicated with his Department Chair, and that Mr. Huffman was not aware of anyone else in his department at Lanier Middle School using the complained-of DynaStudy material. Mr. Galbraith further reported to DynaStudy that Mr. Huffman stated he was not aware that the complained-of material was copyright protected. DynaStudy's allegations pertaining to Mr. Huffman have been dismissed by the Court.

39.     Prior to the filing of this lawsuit, DynaStudy's counsel, Joshua Bruckerhoff of Reid Collins & Tsai LLP, contacted HISD alleging infringement of DynaStudy's Physics EOC and Chemistry EOC student course notes by Mr. Dohoney at Westside High School, and DynaStudy's Biology EOC student course notes by Ms. Maharaj at DeBakey High School. This letter also acknowledged that the complained-of material was removed from Ms. DiLuglio's personal website

but inquired about the use of the complained-of materials at the High School for the Performing and Visual Arts ("HSPVA"). DynaStudy's counsel subsequently sent a letter dated August 27, 2015, for a demand of settlement that listed three separate "options."

40.     HISD hired outside counsel Rogers Morris & Grover to represent HISD regarding DynaStudy's infringement allegations. HISD's in-house attorneys communicated with employees/staff of HISD regarding DynaStudy's allegations, including, but not limited to, the Chief School Officers and/or principals for Westside High School, DeBakey High School, HSPVA, and Lanier Middle School. The Chief School Officer and/or principals from each of the schools provided confirmation that they would address the issues regarding DynaStudy's alleged infringement as instructed by counsel. Additionally, HISD's IT personnel searched for and took down all alleged copies of DynaStudy's materials from HISD's website, Houstonisd.org, as a "precautionary measure" to mitigate the risk of copying and/or distribution.

41.     HISD's prior outside counsel, Michelle Morris of Rogers Morris & Grover, sent a letter dated September 25, 2015, denying liability for infringement and setting forth factual information that rebutted DynaStudy's allegations of infringement. The September 25, 2015, letter also set forth several legal defenses against DynaStudy's allegations. As concerns DynaStudy's allegations specific to Westside High School, the September 25, 2015, letter referenced an invoice showing payment for DynaStudy's Physics EOC and Chemistry EOC student course notes. Mr. Dohoney used the DynaStudy materials purchased by Westside High School in 2013 with his students in the classroom by distributing the materials for a limited amount of time and later collecting all copies of the distributed materials. Mr. Dohoney's students requested greater access to the information, and Dr. Dohoney incorporated some factual information from the DynaStudy material into his own PowerPoint notes. When DynaStudy complained to HISD about the posting

of Mr. Dohoney's PowerPoint notes, HISD responded immediately by taking down the complained-of materials.

42.     With regard to DeBakey High School, DynaStudy alleged in its July 28, 2015, Letter that Ms. Maharaj posted a full version of the DynaNotes Biology EOC student course notes online on HISD's website.  HISD's in-house attorneys communicated with the Chief School Officer and/or principal regarding DynaStudy's allegations, who confirmed that they would take immediate steps to address DynaStudy's allegations pertaining to Ms. Maharaj.  HISD also responded by taking down the complained-of material from HISD's website.  In a letter dated September 25, 2015, HISD's prior outside counsel, Michelle Morris of Rogers Morris & Grover, referenced a spreadsheet that revealed that DeBakey High School purchased several copies of the Biology EOC student course notes.  The September 25, 2015, letter also stated Ms. Maharaj used the DynaStudy materials purchased by DeBakey High School with her students in the classroom by distributing the materials for a limited amount of time and later collecting all of the distributed materials.

43.     With respect to HSPVA, Susan Sotkovski of DynaStudy contacted HISD alleging infringement of DynaStudy's Biology EOC student course notes on Ms. DiLuglio's personal website in 2014.  Mr. Galbraith contacted Ms. DiLuglio regarding the complained-of material and requested that the information be removed pursuant to DynaStudy's request.  Mr. Galbraith also reported back to Ms. Sotkovski in 2014, that the complained-of material had been taken down and that Ms. DiLuglio reported she received the material from someone else and was unaware that the complained-of materials were copyrighted.  DynaStudy alleged in its July 28, 2015, letter that Ms. DiLuglio previously published the DynaNotes Biology EOC student course notes online on Ms. DiLuglio's personal website but acknowledged that the complained-of material was removed from

Ms. DiLuglio's personal website in 2014. The July 28, 2015, letter further complained that it was unclear if Ms. DiLuglio uses the Biology EOC student course notes in her classroom at HSPVA.

44.     Ms. DiLuglio stated she did not know the complained-of material was copyright-protected when she posted the material to her personal website, which is not in the possession, custody, and/or control of HISD. However, in furtherance of mitigating the alleged infringement and assisting DynaStudy in policing its intellectual property rights, HISD brought DynaStudy's concerns about the complained-of material to Ms. DiLuglio's attention, and HISD, under no obligation to do so, requested that Ms. DiLuglio take down the complained-of DynaStudy material from her personal website, to which she agreed. As far as HISD knows, Ms. DiLuglio followed through on her agreement to take down the complained-of DynaStudy material. The removal was confirmed in DynaStudy's July 28, 2015 letter.

45.     Ms. Morris's September 25, 2015, letter also detailed several of HISD's defenses to DynaStudy's copyright infringement claims, including the first sale doctrine and fair use. The September 25, 2015, letter also detailed HISD's defense as a "server provider" pursuant to the Online Copyright Liability Limitation Act.

46.     After DynaStudy's current counsel, Gary Sorden, sent a letter dated April 4, 2016, to HISD's counsel, HISD's outside counsel, Richard Morris, responded with a letter dated April 29, 2016. Mr. Morris's April 29, 2016, letter reiterated HISD's position that it had not and currently does not infringe any of DynaStudy's copyrights. In addition to the fair use and first sale defenses noted in the September 25, 2015, letter, the April 29, 2016, letter provided additional details pertaining to HISD's *scenes a faire* and *de minimis* defenses. Mr. Morris's April 29, 2016, letter also notes the lack of correlation between the alleged infringement and DynaStudy's loss of revenue.

47. DynaStudy has alleged that infringing material was posted to Ms. Vodchnal's personal webpage. DynaStudy raised this allegation of infringement with completeness for the first time in its Motion for Entry of Preliminary Injunction served on May 8, 2017. The complained-of material was removed from Ms. Vodchnal's personal webpage by Ms. Vodchnal on or around May 23, 2017.

## First Defense—Noninfringement of Copyright (Copyright)

48. Defendant hereby incorporates by reference Paragraphs 1 to 47.

49. Defendant does not infringe and has not infringed any valid and enforceable Copyrighted Work of Plaintiff.

## Second Defense—*De Minimis* Copying (Copyright)

50. Defendant hereby incorporates by reference Paragraphs 1 to 49.

51. Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by the doctrine of *de minimis* copying. The alleged unauthorized derivative works are not infringement because these materials are factual compilations based on state materials in the public domain (*i.e.*, TEA materials) and other material available in the public domain into a newly-created work, which may also incorporate DynaStudy's material (such as a definitions). This creation constitutes *de minimis* copying.

## Third Defense—First Sale Doctrine (Copyright)

52. Defendant hereby incorporates by reference Paragraphs 1 to 51.

53. Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by the first sale doctrine. Specifically, many of the schools that DynaStudy levies allegations of infringement against purchased the DynaStudy materials prior to any alleged copying or infringement.

## Fourth Defense—*Scenes a Fair* Doctrine (Copyright)

54.    Defendant hereby incorporates by reference Paragraphs 1 to 53.

55.    Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by the *scenes a faire* doctrine.  Specifically, certain elements of the Copyrighted Works are customary to the field of education in the state of Texas as they are subject matters made common by the state standards and the TEA.  Moreover, certain elements of the Copyrighted Works are customary to the field of education and can only be expressed in limited ways.

## Fifth Defense—Noninfringement (Trademark)

56.    Defendant hereby incorporates by reference Paragraphs 1 to 55.

57.    Defendant does not infringe and has not infringed any valid and enforceable trademark of Plaintiff.

58.    DynaStudy has alleged that Thomas Dohoney has infringed its registered trademark. Mr. Dohoney referenced DynaStudy's domain name, which is not a registered mark, on materials he prepared for his students to direct his students to DynaStudy's website, which is not a registered mark.

## Sixth Defense—Copyright Misuse (Copyright)

59.    Defendant hereby incorporates by reference Paragraphs 1 to 58.

60.    Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by copyright misuse.  DynaStudy's digital materials included an agreement by which a user was required to "agree" in order to access the digital materials.  This agreement is anticompetitive in violation of public policy as it forces the user to agree to not "rent, lease, loan, sub-license, distribute, assign, or transfer" the digital DynaStudy material.  Accordingly, this agreement constitutes copyright misuse and therefore precludes infringement.

### Seventh Defense—Other Defenses Based on Later Discovered Evidence

61.     Defendant hereby incorporates by reference Paragraphs 1 to 60.

62.     Defendant reserves all available defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright, DMCA and Trademark Laws of the United States, and any other defenses, at law and equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

### First Affirmative Defense—Invalidity (Copyright)

63.     Defendant hereby incorporates by reference Paragraphs 1 to 62.

64.     One or more of the Copyrighted Works are invalid for failure to satisfy one or more conditions of the Copyright Act as set forth in 17 USC Chapter 1.

65.     DynaStudy material's lack the minimal degree of creativity and originality. DynaStudy material include factual information that does not meet the creativity requirement of the Copyright Act.   The organization of one or more of the DynaStudy materials are based on government standards such as the TEKS.   DynaStudy owner Ms. Harris and former owner Ms. Tennant also testified that they created one or more of the DynaStudy materials using artwork of third parties, such as Clipnotes.

### Second Affirmative Defense—Fair Use Doctrine (Copyright)

66.     Defendant hereby incorporates by reference Paragraphs 1 to 65.

67.     Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by the fair use doctrine.   Specifically, Defendant is not liable for copyright infringement due to the educational purpose of the use of the allegedly-infringing copies of DynaStudy materials. HISD has purchased DynaStudy's products from 2006 to 2017.   None of the HISD employees sold or profited from any of the alleged infringement, and each time DynaStudy complained, HISD

removed the complained of material. Additionally, DynaStudy could not meet the specifications to sell digital content to HISD for HISD's HUB. Digital content from DynaStudy was not available until 2015 and was not widely adopted by HISD schools. Furthermore, the nature of the DynaStudy materials are factual in nature and are merely compilations of well-known factual information based on state educational standards.

### Third Affirmative Defense—Statute of Limitations (Copyright)

68.     Defendant hereby incorporates by reference Paragraphs 1 to 67.

69.     Plaintiff's copyright infringement allegations against Defendant are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense—Laches, Waiver, Estoppel (Copyright)

70.     Defendant hereby incorporates by reference Paragraphs 1 to 69.

71.     Plaintiff's action for enforcement of the Copyrighted Works against Defendant is barred by waiver, laches, and/or estoppel. DynaStudy first notified HISD of alleged authorized copies of DynaStudy materials in 2012. The allegedly-infringing materials were allegedly posted online by Ms. Maharaj, Ms. DiLuglio, Mr. Dohoney, and Ms. Schultz Weaver. HISD promptly removed the complained-of materials each time DynaStudy notified HISD of possible infringement. Specifically, the material allegedly posted by Ms. DiLuglio was removed and deleted on or before May 6, 2014. HISD's Assistant General Counsel, David Galbraith, emailed DynaStudy confirming that the materials were deleted and removed and stated that he hoped that this resolved the issue and to contact him if DynaStudy had any further concerns. DynaStudy did not demand monetary damages or otherwise indicate that the removal of the materials did not resolve the issue until a letter from DynaStudy's legal counsel dated July 28, 2015—over a year after the materials had been removed and deleted.

## Fifth Affirmative Defense—Statute of Limitations (Trademark)

72.     Defendant hereby incorporates by reference Paragraphs 1 to 71.

73.     Plaintiff's trademark allegations against Defendant are barred, in part or in whole, by the statute of limitations.

## Sixth Affirmative Defense—Laches, Waiver, Estoppel (Trademark)

74.     Defendant hereby incorporates by reference Paragraphs 1 to 73.

75.     Plaintiff's action for enforcement of the trademark against Defendant is barred by waiver, laches, and/or estoppel.

## Seventh Affirmative Defense—Fair Use Doctrine (Trademark)

76.     Defendant hereby incorporates by reference Paragraphs 1 to 75.

77.     Plaintiff's trademark infringement allegations against Defendant are barred, in whole or in part, by the fair use doctrine.  Specifically, Defendant is not liable for trademark infringement pursuant to the fair use doctrine because the alleged use of DynaStudy's mark was not used as a trademark by HISD.  Rather, Mr. Dohoney referenced DynaStudy's domain name to notify to his students of where they could find DynaStudy materials and to refer them to the DynaStudy's products.  Mr. Dohoney did not use DynaStudy's registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services.  Mr. Dohoney did not use DynaStudy's registered mark commercially.

## Eighth Affirmative Defense—DMCA Safe Harbor (DMCA)

78.     Defendant hereby incorporates by reference Paragraphs 1 to 77.

79.     Plaintiff's DMCA allegations against Defendant are barred, in whole or in part, by the DMCA Safe Harbor, 17 U.S.C. § 512.  Specifically, HISD maintains a website and online network.  HISD also maintains and implements a copyright infringement policy.  Moreover, HISD

did not derive any direct financial benefit from the use of any of the allegedly-infringed materials. HISD did not have actual prior knowledge of the alleged infringement, but it promptly removed the allegedly-infringed materials upon notice. HISD's website indicates its DMCA Agent and its Agent is registered with the U.S. Copyright Office.

80. Further, any non-HISD websites, such as Weebly, are outside HISD's possession, custody, and/or control.

### Sixth Affirmative Defense—Laches, Waiver, Estoppel (Trademark)

81. Defendant hereby incorporates by reference Paragraphs 1 to 80.

82. Plaintiff's action for enforcement of the DMCA against Defendant is barred by waiver, laches, and/or estoppel.

DATED:  March 7, 2018                    Respectfully submitted,

*/s/  Jonathan R. Spivey*
_____
Jonathan R. Spivey
Attorney-in-Charge
State Bar No. 24002989
SDTX No. 1794958
Jonathan.Spivey@bracewell.com

LaTasha M. Snipes
State Bar No. 24072504
SDTX No. 1104850
Latasha.Snipes@bracewell.com

Cheyenne J. Rogers
State Bar No. 24093763
SDTX No. 2800832
Cheyenne.Rogers@bracewell.com

Stacianne M. Wilson
State Bar No. 24070863
SDTX No. 1108692
Staci.Wilson@bracewell.com

Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002
(713) 223-2300 (phone)
(800) 404-3970 (fax)

Attorneys for Houston Independent School District

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 7, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

*/s/ Jonathan R. Spivey*
Jonathan R. Spivey