**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DYNASTUDY, INC. | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:16-cv-1442 |
| | § | |
| v. | § | |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | JURY TRIAL DEMANDED |
| DISTRICT | § | |
| | § | |
| Defendant. | § | |

**HOUSTON INDEPENDENT SCHOOL DISTRICT'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT ON DYNASTUDY'S COPYRIGHT CLAIMS**

**TABLE OF CONTENTS**

                                                                                                        **Page**

I.      INTRODUCTION ....................................................................................................1

II.     ARGUMENT AND AUTHORITIES.......................................................................2

        A.      Summary Judgment Standard .....................................................................2

        B.      DynaStudy's Alleged Copyrighted Works are Afforded Only "Thin" s ................3

        C.      Under the Prevailing Standard, HISD's Allegedly "Derivative Works" Do
                Not Infringe DynaStudy's Copyrights ......................................................5

                1.      Summary Judgment Is Warranted For The Dohoney Works......................6

                2.      Summary Judgment Is Warranted For The Gay Morris Works.................8

                3.      The Lisa Chestnut and Nedaro Bellamy Works .......................................11

                4.      Alief Biology and Chemistry Materials..................................................12

        D.      There is No Genuine Issue of Material Fact That Certain Individuals Did
                Not Infringe DynaStudy's Copyrights ....................................................13

                1.      Dennis Huffman....................................................................................14

                2.      Amanda Schultz-Weaver .......................................................................14

                3.      Jacqueline Thompson.............................................................................15

                4.      Wyanthia Price-Simmons, Maria Moreno, and Stephanie
                        McCormack............................................................................................16

                5.      Torrye Hooper........................................................................................17

                6.      Keshani Pathirage and Kenneth Webster................................................18

                7.      Hortense Campbell..................................................................................18

                8.      Bella Angelina Delgado and Welch MS..................................................19

                9.      Mae Randall ...........................................................................................19

                10.     Peggie Stewart and Westside High School..............................................20

                11.     Rick Nagir ..............................................................................................21

        12.      James Street ............................................................................................21

III.     CONCLUSION...............................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................2, 3, 13, 15, 18

*Apple Computer, Inc. v. Microsoft Corp.*,
799 F.Supp. 1006 (N.D. Cal. 1992) .........................................................................3

*Apple Computer, Inc. v. Microsoft Corp.*,
821 F.Supp. 616 (N.D. Cal. 1993), *aff'd* 35 F.3d 1435 (9th Cir. 1994) ...............4, 5

*Eng'g Dynamics, Inc. v. Structural Software, Inc.*,
26 F.3d 1335 (5th Cir. 1994) .........................................................................1, 2, 3, 10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)..................................................................................2, 3, 6, 8, 12

*Grice v. FMC Technologies, Inc.*,
No. H-05-1062, 2006 WL 5603934 (S.D. Tex. May 24, 2006).................................2

*Intervest Const., Inc. v. Canterbury Estate Homes, Inc.*,
554 F.3d 914 (11th Cir. 2008) ...............................................................................4, 5

*Leigh v. Warner Bros., Inc.*,
212 F.3d 1210 ........................................................................................................6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 576 (1986)...............................................................................................2, 3

*Mattel, Inc. v. MGA Entm't, Inc.*,
616 F.3d 904 (9th Cir. 2010) .................................................................................4, 5

*MiTek Holdings, Inc.*, 864 F.Supp. at 1576-79 .........................................................6

*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003) .................................................................................4, 5

*Schoolhouse, Inc. v. Anderson*,
275 F.3d 726 (8th Cir. 2002) ...............................................................................3, 12

*Straus v. DVC Worldwide, Inc.*,
484 F. Supp. 2d 620 (S.D. Tex. 2007) ...............................................................7, 9, 10, 11

**Statutes**

17 U.S.C. 106.................................................................................................16, 19, 20, 21

17 U.S.C. §411.......................................................................................................................18

17 USC §106(3)................................................................................................................12, 13

17 USC §§ 501(a), 106.....................................................................................................15, 17

**Rules**

FED. R. CIV. P. 56.................................................................................................................2

## I.  INTRODUCTION

Defendant Houston Independent School District ("HISD") is the largest public school district in Texas, and the seventh largest public school district in the nation.  HISD employs more than 35,000 people with approximately 16,000 of those individuals being educators tasked with the responsibility of educating more than 200,000 students of various ages during an academic school year.  One of the many tools that the HISD educators use to help students be successful on state mandated standardized minimum basic skills exams is condensed study guides that consist of well-known educational and scientific principles that help explain things already in the public domain, such as natural phenomena, the laws of science/physics, the principles of writing, the evolution of man, the occurrences of history, and so on.

For a number of years, HISD purchased Plaintiff DynaStudy Inc.'s ("Plaintiff" or "DynaStudy") condensed study guides for preparing HISD students for the state standardized test (*e.g*, the TAKS and STARR exam).  In 2016, DynaStudy brought suit against HISD alleging, among other things, copyright infringement of its student course materials.  DynaStudy is seeking to enforce their copyrights in a patent-like manner to exclude educators from using well-known factual information.  This is improper.

Copyright protection for factual works such as DynaStudy's alleged copyrights are subject to "thin" copyright protection and will abhor only a "virtually identical copy of the original."  *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1348 (5th Cir. 1994).  Indeed, the Fifth Circuit has long recognized the sliding scale of the scope of copyright protection and has recognized that a defendant is less likely to have infringed a plaintiff's factual work when the defendant merely copied an explanatory phrase from a factual work:

> the scope of protection afforded by a copyright is not constant across all literary works. Infringement is far more likely to have occurred where a defendant has copied a memorable phrase from a short poem than *where the defendant has*

1

> *copied an explanatory phrase from a voluminous textbook* on biochemistry, because the law is more protective of highly original and highly expressive works than it is of functional and nonfiction works.

*Id.* (emphasis added) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349 (1991).

As such, summary judgment is warranted for DynaStudy's copyright claims regarding HISD's alleged unauthorized "derivative works." As discussed below in Sections II.B and II.C, the alleged derivative works do not meet the heighten standard of copyright infringement for factual works. Further, as discussed below in Sections II.D, summary judgment is warranted for DynaStudy's copyright claims pertaining to certain individuals because Plaintiff has nothing more than a scintilla of evidence to support their infringement claims regarding these individuals.

## II.     ARGUMENT AND AUTHORITIES

### A.     Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Grice v. FMC Technologies, Inc.*, No. H-05-1062, 2006 WL 5603934 at *4 (S.D. Tex. May 24, 2006). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or is not significantly probative, summary judgment should be granted. *Id.*

Pursuant to Rule 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such absence. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986). Where the moving party has met

its Rule 56 burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.*  To sustain this burden, the non-movant must produce evidence admissible at trial.  *Anderson*, 477 U.S. at 242.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

### B.     DynaStudy's Alleged Copyrighted Works are Afforded Only "Thin" s

Not all copying by a defendant is actionable as copyright infringement.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  Typically, to show infringement, the plaintiff must demonstrate that the allegedly infringing work is substantially similar to the copyrighted work.  However, if the copyrighted work is a factual work, as opposed to a highly creative work, the standard is different.   Courts have long recognized that copyright law is more protective of highly original and highly expressive works than it is of functional and nonfiction works.  *Id.*; *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1348 (5th Cir. 1994), opinion supplemented on denial of reh'g, 46 F.3d 408 (5th Cir. 1995).  In *Feist*, the Supreme Court recognized this distinction between creative and factual works and explained that factual works are eligible for only "thin" copyright protection limited to an "original selection or arrangement of facts."  *Feist*, 499 U.S. at 350–51.  This "thin" protection allows the underlying facts and ideas to be "free for the taking."  *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 728 (8th Cir. 2002).

In analyzing alleged infringement of copyrighted works subject to "thin" protection, courts have narrowed the substantially similar inquiry.  *See e.g.*, *Eng'g Dynamics, Inc.*, 26 F.3d at 1448 ("determining scope of infringement for user interface…will abhor only a virtually identical copy of the original") (citing *Apple Computer, Inc. v. Microsoft Corp.*, 799 F.Supp.

1006, 1021 (N.D. Cal. 1992)). This narrowed infringement standard requires that the works be "virtually identical," or, in other words, a "copying of substantially the entire item." *Apple Computer, Inc. v. Microsoft Corp.*, 821 F.Supp. 616, 623 (N.D. Cal. 1993), *aff'd* 35 F.3d 1435 (9th Cir. 1994); *see also Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003) (holding that plaintiff's sculptures contained unprotectable elements already in the public domain and the original elements were subject to "thin copyright that protects against only virtually identical copying"); *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 915 (9th Cir. 2010) (holding that the expression of "an attractive, young female fashion doll with exaggerated [proportions]" is "highly constrained" and thus entitled to "thin copyright protection against virtually identical copying"); and *Intervest Const., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919 (11th Cir. 2008) ("[W]hen courts have examined copyright infringement claims involving compilations, the definition of "substantial similarity" has been appropriately modified to accentuate the narrower scope of protection available.").

There is no question that each of DynaStudy's allege copyrighted works are entitled to only thin protection because they are merely compilations of factual information, just like the periodic table or the laws of physics. *See* Ex. A-E (copies of DynaStudy's student course notes materials). Much of the information contained in DynaStudy's alleged copyrighted works is not original or unique to DynaStudy. For example, DynaStudy's Physics EOC work contains the formulas for calculating acceleration, displacement, and velocity. *See* Ex. D, DynaStudy 006817. Clearly, DynaStudy did not create these formulas or discovery the laws of physics. Additionally, the organization of the facts contained in DynaStudy's alleged copyrighted works has limited originality because DynaStudy based that organization on the Texas Essential Knowledge and Skills ("TEKS"), which are the Texas state standards and curriculum for what Texas students are

4

required to know. *See* Texas Essential Knowledge and Skills, https://tea.texas.gov/index2.aspx?id=6148 (last visited on July 30, 2018). Indeed, much of the factual information contained in DynaStudy's works and its organization came from publically available documents provided by the Texas Education Agency ("TEA")— the state agency that oversees primary and secondary (i.e., K-12) public education in Texas.[1] *See* Complaint at p. 3 ("All course notes are designed using the Texas Education Agency's publication of the eligible TEKS for that grade and subject as the starting point."). Thus, in order to prove infringement, DynaStudy must show that the alleged infringing works are virtually identical to the alleged copyrighted works. *See Apple Computer, Inc.*, 821 F.Supp. 616, 623 (N.D. Cal. 1993); see also *Satava*, 323 F.3d 805, 812; *Mattel, Inc.*, 616 F.3d 904, 915; *Intervest Const., Inc.*, 554 F.3d 914, 919.

As discussed below, the alleged derivative works that DynaStudy alleges are infringing are not virtually identical to DynaStudy's works. Furthermore, any similarities that exist can be explained by the fact that both DynaStudy's works and the allegedly infringing works were based on the State's mandatory curriculum—the TEKS—and other publications by the TEA.

## C.   Under the Prevailing Standard, HISD's Allegedly "Derivative Works" Do Not Infringe DynaStudy's Copyrights

DynaStudy has alleged that HISD infringed DynaStudy copyrights in part by "adapt[ing] . . . copies of DynaStudy's Copyrighted Works," "incorporate[ing] identical portions of DynaStudy's Copyrighted Works," and "creat[ing] derivative works of DynaStudy's Copyrighted Works" in violation of DynaStudy's copyrights. Complaint at p. 52. These derivative works are described in the Complaint as a PowerPoint study guide created by Thomas Dohoney, *id*. at p. 11, a set of worksheets created by Lisa Chestnut, *id*. at p. 20, a set of

---

[1] *See* About TEA, https://tea.texas.gov/About_TEA/ (last visited July 30, 2018).

worksheets distributed by Nedaro Bellamy, *id*. at p. 22, and a guide created by Gay Morris, *id*. at p. 26.  Plaintiff also alleges that HISD employees unlawfully distributed derivative works created by Alief ISD.  These works adapt only the underlying *facts* from DynaStudy materials rather than the original arrangement of the facts contained in DynaStudy materials.  *See Feist*, 499 U.S. at 359.  Plaintiff has not presented any evidence to support—much less raised a genuine issue of material fact—regarding infringement of the original arrangement surrounding the raw facts within DynaStudy materials.  Even further, Plaintiff has failed to demonstrate what elements of the allegedly infringed materials are copyrightable and therefore protected by the claimed statutes.  *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210 at 1214; *MiTek Holdings, Inc.*, 864 F.Supp. at 1576-79; *Feist*, 499 U.S. at 361.  Accordingly, these alleged derivative works do not run afoul of the thin protection afforded DynaStudy's copyrights, and therefore do not constitute infringement.  As such, HISD's summary judgment on the copyright infringement claims regarding these alleged derivative works should be granted, and these claims should be dismissed.

1.   **Summary Judgment Is Warranted For The Dohoney Works**

DynaStudy alleges that Mr. Dohoney created and distributed unauthorized derivative works by creating two study guides that allegedly copied significant portions of DynaStudy's Physics EOC and Chemistry EOC student course notes (collectively referred to as the "Dohoney Works").  *See* DynaStudy's Third Supplemental Answers to Defendants' First Set of Interrogatories ("Plaintiff's Interrogatories"), p. 4, attached hereto as Exhibit G.  DynaStudy's Physics and Chemistry works are compilation of factual information.  *See* Ex. A and D (DynaStudy's Physics and Chemistry works).[2]  The study guides created by Mr. Dohoney are not

---

[2] The Dohoney Works attached hereto as Ex. H and Ex. I were also Ex. 3 and 5, respectively, to Mr. Dohoney's deposition transcript.

substantially similar to, much less virtually identical to, DynaStudy's copyrighted works. *See* Ex. H and I (the Dohoney Works).

A side-by-side comparison of the Dohoney Works and DynaStudy's Physics and Chemistry works demonstrates that there are numerous differences that clearly establishes that the works are different, and not virtually identical. *See Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 638 (S.D. Tex. 2007) (discussing the importance of a side-by-side comparison); *Compare* Ex. H (Dohoney's Physic study guide) *with* Ex. D (DynaStudy's Physics Work) and Ex. I (Dohoney's Chemistry study guide) with Ex. A (DynaStudy's Chemistry Work). The yellow highlights in Ex. H and Ex. I are the annotations of DynaStudy's owner Ellen Harris, and indicate the material DynaStudy alleges was copied by Mr. Dohoney from its DynaStudy's materials. *See* Ex. F, ("Harris Vol. 1"), at 172:6-20, 174:18-25. Notably, there are several pages from Mr. Dohoney's physics study guide (Ex. H) and Dohoney's chemistry study guide (Ex. I) that do not contain any material that are alleged to have been copied from DynaStudy's works. This by itself is sufficient to demonstrate that the DynaStudy works and the Dohoney Works are not virtually identical or even substantially similar.

Additionally, the Dohoney Works have different font, color scheme, sizing, arrangement, general aesthetics, and graphics compared to the DynaStudy Chemistry and Physics works. See Ex. H and I. The Dohoney physics study guide (Ex. H) is 380 pages long; while DynaStudy's Physics EOC is only six pages long. Compare Ex. H to D. Similarly, Mr. Dohoney's chemistry study guide is 55 pages long; while the DynaStudy Chemistry EOC is only six pages long. Compare I to A. Moreover, the arrangement of the facts presented in the Dohoney Works are not the same as the arrangement of facts in the DynaStudy Chemistry and Physics works. Additionally, Mr. Dohoney testified at length regarding the substantial differences between the

Dohoney Works and the DynaStudy Chemistry and Physics works.  *See e.g.*, Dohoney Tr. Page 94-169, attached to as Exhibit J.

By claiming that the Dohoney Works infringe on its factual works, DynaStudy is attempting to monopolize facts, such as the laws of physics, and claim some right to the factual information and organizational structure provided by the TEKS standards, neither of which are unique or original to DynaStudy.  *See e.g.*, Ex. H, p. 4 (identifying the formula and definition of velocity and acceleration as DynaStudy's copyrighted material).  This is exactly why factual compilations are entitled to only "thin" copyright protection and a heighten infringement standard.  To hold otherwise would enable a copyright holder to monopolize facts and ideas and chill the furtherance of science and the arts.  *Feist,* 499 U.S. at 354 (cautioning against creating "a monopoly in public domain materials without the necessary justification of protecting and encouraging the creation of writings' by authors.").

Because a side-by-side comparison of the Dohoney Works and the DynaStudy Physics and Chemistry works unequivocally demonstrates that the works are not substantially similar, DynaStudy's copyright infringement claims pertaining to the Dohoney Works should be dismissed as a matter of law.

## 2.    Summary Judgment Is Warranted For The Gay Morris Works

DynaStudy also alleges that Gay Morris created and distributed unauthorized derivative works of DynaStudy's Grade 8 Science for STAAR.  *See* Plaintiff's Interrogatories, p. 9.  Copies of the alleged derivative works are attached hereto as Ex. K, HISD00001634,  Ex. L, HISD00014998, and Ex. M, HISD00006248, (collectively referred to as the "Morris Works").  Like the other DynaStudy materials, the DynaStudy Grade 8 Science for STAAR work is a compilation of factual information, such as the periodic table and the parts of an atom.  *See* Ex. C, DynaStudy006721.  A side-by-side comparison of each of the Morris Works and the DynaStudy

Grade 8 Science for STAAR work demonstrates that the works are not substantially similar, much less virtually identical. *Compare* Ex. K *with* C; Ex. L *with* C; Ex. M *with* C.

When viewed as a whole, each of the Morris Works has different color scheme, sizing, and general aesthetics compared to the DynaStudy Grade 8 Science for STAAR. *Id*. Additionally, the arrangement and organization of the factual information in the works is different as well. *Id*. For example, the information presented in the DynaStudy Grade 8 Science for STAAR is presented in two columns, while the information in the Morris Works is not. *Id*.

Importantly, the court must filter out the unprotectable elements of the DynaStudy Grade 8 Science for STAAR when analyzing the substantial similarity of the works. *See Straus v. DVC World, Inc.*, 484 F. Supp. 2d 620, 637 (S.D. Tex. 2007). As illustrated by the TEA's Grade 8 Science TEKS, the arrangement of factual information in DynaStudy's Grade 8 Science for STAAR was not original or unique and should therefore be disregarded. *See* Ex. N, HISD00028584. For example, Category 1 of the DynaStudy Grade 8 Science for STAAR is tilted "Matter and Energy" and the first subject matter discussed is the structure of an atom, Category 2 is titled "Force, Motion, and Energy," and Category 3 is titled "Earth and Space," and Category 4 is titled "Organisms and Environments." *See* Ex. C, (DynaStudy's Grade 8 Science for STARR work). This comes straight from the Texas Education Agency's Grade 8 Science mandatory curriculum (called the Texas Essential Knowledge and Skills ("TEKS")) that all Texas public schools are required to teach. *See e.g.*, Ex. N, HISD00028585 ("Reporting Category 1: Matter and Energy…describe the structure of atoms"), HISD00028587 ("Reporting Category 2: Force, Motion, and Energy"), HISD00028589 ("Reporting Category 3: Earth and Space"), and HISD000028591 ("Reporting Category 4: Organisms and Environments").

Because the arrangement of factual information is not original to DynaStudy, it must be disregarded when being compared to the allegedly infringing works. *See DVC World, Inc.*, 484 F. Supp. 2d at 637. When the organization and arrangement of the factual materials is disregarded, the dissimilarities are further illustrated. For example, the version of the periodic table in the DynaStudy Grade 8 Science for STAAR is different from the version of the periodic table in the Morris Works. *Compare* Ex. C, DynaStudy 006721 (periodic table predominately in black text) *with* Ex. M, HISD00006248 (periodic table in blue and green text). Additionally, the atom illustrated in the DynaStudy work is different from the Morris Works:

| Atom from DynaStudy 006721 | Atom from Morris Work, HISD00009651 |
| --- | --- |



Similarly, the graphics depicting the sun, moon, and Earth in the DynaStudy Grade 8 Science work are different from the graphics depicted in the Morris Works. *Compare* Ex. C, DynaStudy 006723-24 *with* Ex. M HISD00006248. The purported similarities between the Morris Works and the DynaStudy Grade 8 Science for STAAR work are limited to factual information, such as the scientific definition of atom, that can only be expressed a finite number of ways. Copying such factual information is insufficient to satisfy the high burden of infringement of factual works. *Eng'g Dynamics, Inc.*, 26 F. 3d 1335, 1348 (reasoning that infringement is less likely to have occurred when a defendant has copied an explanatory phrase

10

from a science textbook);  *Straus*, 484 F. Supp. 2d 638 (a side-by-side comparison must be made between the original and the copy accused of infringing).  A side-by-side comparison of the Morris Works and the DynaStudy Grade 8 Science work are not substantially similar, much less virtually identical.  Accordingly, DynaStudy's copyright infringement claims pertaining to the Morris Works should be dismissed as a matter of law.

3.      **The Lisa Chestnut and Nedaro Bellamy Works**

DynaStudy further alleges that Lisa Chestnut and Nedaro Bellamy distributed unauthorized derivative works of DynaStudy's Grade 8 Science for TAKS.  Ex. G, Plaintiff's Interrogatories pp. 6-7.  Copies of the alleged infringing derivative works allegedly created by Ms. Chestnut are attached hereto as Exhibit O, HISD00010989, Ex. P, HISD00010993, Ex. Q, HISD000010998, Ex. R, HISD00011001, Ex. S, HISD0001105.  Copies of the alleged derivative works allegedly created by Ms. Bellamy are attached hereto as Exhibit T, HISD00003358, Ex. U, HISD00003354, Ex. V, HISD00003364, Ex. W, HISD00003368.  The alleged infringing works alleged distributed by Ms. Chestnut and Ms. Bellamy are collectively hereinafter referred to as the "Chestnut/Bellamy Works."

When compared side-by-side, it is clear that each of the Chestnut/Bellamy Works has a different color scheme, sizing, and general aesthetics compared to the DynaStudy Grade 8 Science for TAKS.  *Compare* Ex. B, (DynaStudy's Grade 8 Science with TAKs), *with* Ex. O-W. The DynaStudy Grade 8 Science for TAKS work is based on the TEKS that was published by the TEA and thus the arrangement of the factual information in the DynaStudy Grade 8 for Science for TAKS is not original or unique and should be disregarding in the side-by-side analysis.  *Compare* Ex. X, Objectives 1-5 in the TAKS Information Booklet Middle School Science Grade 8, p. 10, *with* Ex. B (Objectives 1-5 in DynaStudy's Grade 8 for Science for Taks). Additionally, the predominant feature of each of the Chestnut/Bellamy Works are the study

11

questions and graphics that are not in the DynaStudy Grade 8 for Science for TAKS. This alone is enough to establish that works are not substantially similar. *Schoolhouse, Inc. v. Anderson*, 275 F.3d 726, 729 (8th Cir. 2002) ("after *Feist*, it takes virtually 'extensive verbatim copying' to constitute infringement."). The purported similarities between the Chestnut/Bellamy Works and the DynaStudy Grade 8 Science for TAKS work are limited to scientific factual information that can only be expressed a finite number of ways such as the unit of measurements for force/weight is Newtons. "[T]hese bits of information are uncopyrightable facts;" they existed before DynaStudy and will continue to exist and be taught in public schools across Texas after DynaStudy ceases to exist. *Feist Publications*, 499 U.S. 361. DynaStudy does not have a monopoly on scientific factual information and the Chestnut/Bellamy Works clearly do not meet the heighten substantially similar requirement for factual works. Accordingly, DynaStudy's copyright infringement claims pertaining to the Chestnut/Bellamy Works should be dismissed as a matter of law.

### 4.    Alief Biology and Chemistry Materials

DynaStudy alleges that HISD infringed its copyrights when it distributed unauthorized derivative works created by Alief ISD. Plaintiff's Interrogatories, p. 11. Plaintiff alleges the works created by Alief ISD are unauthorized derivatives of DynaStudy's Biology EOC work and Chemistry EOC work. *Id.* A copy of the alleged derivative work for Plaintiff's Biology EOC created by Alief ISD is HISD00027452 and a copy of the alleged derivative work of Plaintiff's Chemistry EOC created by Alief ISD is HISD00019210, attached as Exhibits Y-Z respectively (collectively hereinafter the "Alief Works"). The Copyright Act prohibits the preparation (*i.e.*, creation) of derivative works based upon copyrighted works, not the mere distribution of a derivative works created by a third party. *See* 17 USC §106(3) (copyright owner's exclusive right to "prepare derivative works"). It is undisputed that the Alief Works were created by and

12

posted online by Alief ISD.  *See* Plaintiff's Interrogatories p. 1; *see also* Ex. AA, February 27, 2018, Deposition of Ellen Harris Vol. 3. 83:8-84:16.  HISD did not prepare or create the Alief Works, thus HISD cannot be liable for copyright infringement based on the Alief Works.  *See* 17 USC §106(3).

Even if distributing a derivative work created by third party was actionable, which it is not, the Alief Works are not infringing works because they are not substantially similar to DynaStudy's Biology EOC work or Chemistry EOC work.   *Compare* Ex. Y, with Ex. E; Compare Ex. Z with Ex. A.  Like the other DynaStudy materials, the order of the Biology EOC Work and Chemisty EOC Work is not protected because they are based upon the TEKS published by the TEA.  When arrangement of the factual materials presented in the DynaStudy works is disregarded, a side-by-side comparison of the works demonstrates that the works are not substantially similar or virtually identical.  For example, the expression of the periodic table illustrated in the Alief chemistry work (Ex. Z, HISD00019216) is different from the periodic table illustrated in the DynaStudy Chemistry EOC Work (Ex. A, DynaStudy 006550).  The Alief Works are also different in color scheme, sizing, and general aesthetics compared to the DynaStudy Biology and Chemistry works.   Accordingly, because the Alief Works and DynaStudy's copyrighted works are not substantially similar, summary judgment dismissing DynaStudy's copyright infringement claims pertaining to the Alief Works should be granted.

**D.     There is No Genuine Issue of Material Fact That Certain Individuals Did Not Infringe DynaStudy's Copyrights**

In addition to the alleged derivative works discussed above, the foregoing infringement allegations also warrant summary judgment because Plaintiff has nothing more than a scintilla of evidence to support the foregoing infringement claims.  *See Anderson*, 477 .S. at 242.

### 1.    Dennis Huffman

This Court previously dismissed DynaStudy's claim based on the alleged conduct of Dennis Huffman with prejudice because it was barred by the statute of limitation.  *See* Dkt. No. 32, at 23.  Despite the Court's Order, DynaStudy continues to seek monetary damages for these dismissed claims.  *See e.g.*, Plaintiff's Interrogatories pp. 3-4 and Leather's Report, filed under seal at Dkt. 124.  In fact, when DynaStudy's damages expert, David Leathers, was questioned regarding this issue and presented with a copy of the Court's Order dismissing those claims, Mr. Leathers still refused withdraw his opinion regarding the alleged monetary damages owed pertaining Mr. Huffman's alleged conduct.  *See* Dkt. 124-4, Deposition Transcript of Mr. Leathers, 101:5–102:22.  This is improper and contrary to the Court's clear Order.  Accordingly, HISD seeks enforce the Court's previous Order dismissing any claims by DynaStudy for recovery of any monetary damages based on the alleged actions and/or conduct of Mr. Huffman.

### 2.    Amanda Schultz-Weaver

DynaStudy alleges that while employed by HISD, Amanda Schultz-Weaver posted an infringing copy of DynaStudy's Biology EOC on the website http://schultzscience.weebly.com/biology.html.  *See* Plaintiff's Interrogatories pp. 4-5. DynaStudy appears to allege that Ms. Schultz-Weaver posted the allegedly infringing work to this website in 2017.  *See* Ex. 9 of Leathers Report, line no. 19 citing to DYNA000840 (filed under seal at Dkt. No.124-1); *see also* DynaStudy000840 attached hereto as Ex. BB.  However, Ms. Schultz-Wever has not been employed by HISD since June 8, 2013.  *See* Business record and affidavit regarding Ms. Schultz-Weaver's employment with HISD attached as Exhibit CC. DynaStudy has not presented any evidence that shows that Ms. Schultz-Weaver posted this allegedly infringing copy on the Weebly website during her employment at HISD.  And certainly, HISD cannot be held responsible for a former employee's actions that occurred more than 4

14

years after she left HISD.  HISD does not have the right or ability to control what a former employee posts to her personal website after her employment ends with HISD.  Moreover, the Weebly website to which Ms. Schult-Weaver allegedly posted infringing materials is neither owned nor controlled by HISD.  Simply put, DynaStudy has not presented any evidence to support its allegations that HISD should be held liable for a former employees actions.  Bare bone allegations are insufficient to establish a genuine issue of material fact. *Anderson*, 477 U.S. at 242.  Accordingly, HISD is entitled to summary judgment, and the Court should dismiss DynaStudy's copyright infringement claims pertaining to Ms. Schultz-Weaver.

### 3.    Jacqueline Thompson

DynaStudy alleges that Jacqueline Thompson at Yates High School infringed DynaStudy's copyrights to its English I EOC work.  Plaintiff's Interrogatories, p. 5 and Complaint at, p. 17-19.  DynaStudy alleges that in 2016, DynaStudy's sales representative Patricia "Suzie" Williams left samples of the DynaStudy materials including the English I EOC material with Ms. Thompson and when Ms. Williams came to retrieve the samples, one of them had tape on the bottom covering up the warning prohibiting copying.  Complaint at, p. 19.  However, even if tape were present on a copy of the DynaStudy's materials, that does not constitute infringement.  Copyright infringement requires creating a copy, distributing a copy, or preparing an unauthorized derivative work. *See* 17 USC §§ 501(a), 106.  DynaStudy does not allege that Ms. Thompson created an unauthorized derivative work.  Thus, the relevant inquiry is whether Ms. Thompson made or distributed any copies of the English I EOC work.

There is no evidence that raises genuine issue of material fact that supports that Ms. Thompson made any copies of the DynaStudy English I EOC materials or distributed any copies. There is certainly no evidence to support that 261 copies of DynaStudy's English EOC was made

by Ms. Thompson as alleged in DynaStudy's damages report.  *See* Ex. 9 of Leathers Report, line no. 22.

In fact, Ms. Williams specifically testified that she did not see any copies of the English EOC I materials while she was at Yates HS and that she has no personal knowledge of any copies being made by Ms. Thompson or anyone at Yates High School.  *See* Deposition of Patricia Williams ("Williams Depo"), attached hereto as Exhibit DD,  at 90:24-91:25.  Ms. Thompson also testified that she did not make any copies of any DynaStudy materials and that she is not aware of anybody making copies of  DynaStudy's materials.  *See* Deposition of Jacqueline Thompson, attached hereto as Exhibit EE, at 38:19-21, 44:2-13.  In fact, Yates High purchased copies of DynaStudy's materials after Ms. Williams left the samples with Ms. Thompson.  *See e.g.*, Williams Depo at 94:6-8.  Accordingly, DynaStudy's unsupported and speculative allegations that Ms. Thompson created or distributed over 200 copies of DynaStudy's English I EOC work is contrary to the testimony of Ms. Williams, is not supported by any other evidence, and thus should be dismissed because there is no genuine issue of material fact that supports that Ms. Thompson or for that matter that anyone at Yates High School infringed DynaStudy's copyright in the English I WOC work.

### 4.    Wyanthia Price-Simmons, Maria Moreno, and Stephanie McCormack

DynaStudy alleges that Stephanie McCormack, Maria "Marie" Moreno, and Wyanthia Price-Simmonds infringed DynaStudy's copyrights to its Revised Grade 6 Math for TAKS, Revised Grade 7 Math for TAKS, and Revised Grade 8 Math for TAKS works.  Plaintiff's Interrogatories, p. 6.  The basis for this allegation is an email from Ms. McCormack stating that she "might" make copies.  *See* Ex. FF, HISD00011259.  Contemplating making copies is not copyright infringement.  *See* 17 U.S.C. 106.  A person must actual perform the act of infringement.  *See id.*  There is no genuine issue of material fact that supports that Ms.

McCormack, Ms. Moreno, or Ms. Price-Simmonds ever created or distributed any copies of DynaStudy's materials.  There is certainly no evidence to support that Ms. McCormack, Ms. Moreno, or Ms. Price-Simmonds ever created or distributed 156 copies of DynaStudy's materials as alleged in DynaStudy's speculative damages report.  *See* Ex. 9 of Leather Report, lines 48, 49, and 50.  Without any evidence that Ms. McCormack, Ms. Moreno, and/or Ms. Price-Simmonds ever engaged in an infringing activity, DynaStudy's claims based on the alleged conduct of Ms. McCormack, Ms. Moreno, and/or Ms. Price-Simmonds should be dismissed as a matter of law.

### 5.    Torrye Hooper

DynaStudy alleges that Torrye Hooper of Cullen Middle School infringed DynaStudy's Grade 8 Science for TAKS and DynaStudy's Test-Taking Tips when Ms. Bellamy emailed Ms. Hooper copies of the foregoing.  *See* Plaintiff's Interrogatories, p. 6; and Ex. GG, HISD00016114.  As an initial matter, the evidence demonstrates that Ms. Hooper did not receive the email at issue due to the size of Ms. Bellamy's email.  *See* Ex. GG, HISD00017307 (error log noting that the March 12, 2009 email exceeded message size).

However, even if Ms. Hooper did in fact receive the Bellamy email, merely *receiving* a an allegedly infringing work is not copyright infringement.  Copyright infringement requires creating a copy, distributing a copy, or preparing an unauthorized derivative work.  There is no genuine issue of material fact that supports that *Ms. Hooper* did any of the foregoing with respect to any DynaStudy materials.  *See* 17 USC §§ 501(a), 106.  There is certainly no material evidence to support that Ms. Hooper made 324 copies of DynaStudy's materials as alleged in DynaStudy's speculative damages report.  *See* Ex. 9 of Leathers Report, lines 51-54.

In fact, the evidence shows that the same month that Mr. Hooper is alleged to have received and distributed infringing copies of DynaStudy's materials, she ordered several legal copies of DynaStudy materials for Cullen Middle School.  *See* Ex. GG, HISD00016268; and Ex.

HH, DynaStudy 001406 (order of DynaStudy materials for Cullen Middle School).  Accordingly, there is no genuine issue of material fact to support that Ms. Hooper infringed any copyright of DynaStudy materials, and DynaStudy's claims based on Ms. Hooper's alleged conduct should be dismissed.

### 6.    Keshani Pathirage and Kenneth Webster

DynaStudy alleges that Keshani Pathirage infringed DynaStudy's Revised Grade 8 Math for TAKS.  The basis for this allegation is an email string between Kenneth Webster and Ms. Pathirage where Ms. Pathirage states

> I need to check the storage shelves in my classroom. There might be some from last year. If so, I should have them with my math formula sheets. But last year, there were not enough for both the classes, I remember, photo copying them for some students. Let me check, & I'll let you both know.

*See* Ex. II, HISD00012332.  Ms. Pathirage is referring to making copies of the math formula sheets discussed in the above email.  There are no emails, for example, with Ms. Pathirage or Mr. Webster transmitting copies of DynaStudy materials.  Importantly, DynaStudy chose not depose either Ms. Pathirage or Mr. Webster to ask them if they did in fact make any copies of DynaStudy's materials.  Nevertheless, DynaStudy uses this scintilla of evidence to support its allegation that Ms. Pathirage and/or Mr. Webster made 88 copies of DynaStudy's Revised Grade 8 Math for TAKS.  *See* Ex. 9 of Leathers Report, lines 55.  This is insufficient to survive summary judgment.  *See Anderson*, 477 .S. at 242 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient…").   Accordingly, DynaStudy's claims pertaining to Ms. Pathirage and Mr. Webster should be dismissed.

### 7.    Hortense Campbell

DynaStudy alleges that Hortense Campbell distributed infringing copies of DynaStudy Exit Level Science for TAKS work from a CD medium.  See Plaintiff's Interrogatories, p. 7.  A

copy of the transmittal email HISD00012730 and its attachment HISD00012730 are attached in Exhibit JJ.  Copyright registration is a prerequisite for brining suit on that work. *See* 17 U.S.C. §411.  However, DynaStudy's teacher CD for Exit Level Science for TAKS work is not registered with the U.S. Copyright Office.  As a result, DynaStudy's claims of copyright infringement pertaining to Ms. Campbell should be dismissed because the work accused of infringing is not federally registered with the U.S. Copyright Office.

### 8. Bella Angelina Delgado and Welch MS

DynaStudy alleges that Angela Delgado and/or others at Welch Middle School infringed DynaStudy's copyright in its Grade 7 Writing for TAKS materials.  *See* Plaintiff's Interrogatories, p. 8.  DynaStudy further alleges that 263 copies of the Grade 7 Writing for TAKS materials were made in its damages report.  *See* Ex 9 of Leathers Report, line no. 72. There is no evidence that is sufficient to raise a genuine issue of material fact that would support this allegations.  The cited evidence for this allegation is an email from Ms. Delgado discussing student using "study guides" and "Dyna-Notes."  *See* Ex. KK, HISD00012563.  This email does not state that any copies of DynaStudy's Grade 7 Writing for TAKS were made, let alone 263 copies as identified in DynaStudy's speculative damages report.  This scintilla evidence is insufficient to survive summary judgment, and therefore, DynaStudy's claims pertaining to DynaStudy's Grade 7 Writing for TAKS materials and MS. Delgado and/or Welch MS should be dismissed.

### 9. Mae Randall

DynaStudy alleges that Mae Randall infringed DynaStudy's copyrights to its Revised Grade 3 Math.  Plaintiff's Interrogatories, p. 8.  The basis for this allegation is an email from Ms. Randall stating that she "wants" to make copies.  *See* Ex. LL, HISD00012602.  Contemplating making copies is not copyright infringement.   A person must actual perform the act of

infringement.  *See* 17 U.S.C. 106.  There is no genuine issue of material fact that supports that Ms. Randall either created or distributed any copies of DynaStudy's materials.  There is certainly no material evidence to support that Ms. Randall created or distributed 44 copies of DynaStudy's materials as alleged in its speculative damages report.  *See* Ex. 9 of Leather Report, line 73.  Accordingly, summary judgment dismissal regarding the foregoing allegations is warranted.

### 10.    Peggie Stewart and Westside High School

DynaStudy alleges that DynaStudy's copyrights to its Algebra I EOC, Algebra II EOC, Geometry EOC, English I EOC, English II EOC, Biology EOC, Chemistry EOC, Physics EOC, World Geography EOC – 2nd Edition, and World History EOC works.  See Plaintiff's Interrogatories, pp. 9-10.  DynaStudy further alleges that nearly *8,000 copies* of DynaStudy materials were made or distributed in their damages report.  *See* Ex. 9 of Leathers Report, lines 93-102.  The basis for this allegation is an email string where Ms. Stewart states:

> I spent a chunk of change on STAAR Dyna Notes. These are 2 sided pages of critical skills students need in the various STAAR courses. I'm writing to you because I'd like your input on how best to give these tools to the teams. *It probably includes making replica copies for the kids.* I just don't want to hand them over without a purpose. Please make a point to come by my office and check these out by the end of the day tomorrow.

HISD00009915 attached hereto as Exhibit MM (emphasis added).  Again *contemplating* making copies is not copyright infringement.  *See* 17 U.S.C. 106.

Ms. Stewart testified that she is not aware of anyone making any copies of DynaStudy's materials.  *See* Ex. NN, Marguerite "Peggie" Stewart Deposition Transcript ("Stewart Depo"), 91:13-92.  This is not surprising given that Ms. Stewart testified that there was not much interest from the teachers at Westside High School in using the DynaStudy materials that she had purchased and that at one point she had to throw away the materials because they were outdated and not being used.  *See* Stewart Depo, 91:13-25, 93:6-94:2.  DynaStudy cannot and has not

come forward with any evidence to support its claims that Ms. Stewart or others at Westside High made or distributed 8,000 copies of DynaStudy's materials.  Accordingly, DynaStudy's allegations regarding the same should be dismissed as a matter of law.

### 11.   Rick Nagir

DynaStudy alleges that Rick Nagir infringed DynaStudy's copyrights to its Grade 3 Math for STAAR, Grade 4 Math for STAAR, Grade 5 Math for STAAR, and Grade 5 Science for STAAR or Grade 3 Math for TAKS, Grade 4 Math for TAKS, Grade 5 Math for TAKS, and Grade 5 Science for TAKS works.  The basis for this allegation is an email string between Mr. Nagir and Margarida Brei where Mr. Nagir states that he "*will* make copies of math and science Dynanotes for your group."  *See* Ex. OO, HISD00002241 (emphasis added).  Again, contemplating making copies is not infringement.  *See* 17 U.S.C. 106.  Importantly, DynaStudy chose not depose Mr. Nagir or Ms. Margarida to ask them if they did in fact make any copies of DynaStudy's materials.  Nevertheless, DynaStudy uses this scintilla of evidence to support its allegation that Mr. Nagir and/or Ms. Nagir made 1,074 copies of DynaStudy's materials.  *See* Ex. 9 of Leathers Report, lines 121-128.  Without some evidence that any copies were actually made, this speculative and baseless assumption is insufficient to survive summary judgment; therefore, DynaStudy's claims pertaining to Mr. Nagir and Ms. Margarida should be dismissed.

### 12.   James Street

Plaintiff alleges that in 2007, James Street distributed to 46 HISD employees copies of DynaStudy's Plaintiff's Grade 5 Science for TAKS, Grade 4 Math for TAKS, and Grade 4 Reading for TAKS works.  *See* Plaintiff's Interrogatories, pp. 12. DynaStudy further alleges that Mr. Street is responsible for over 13,700 copies of the foregoing materials being made or distributed in its damages report.  *See* Ex. 9 of Leathers Report, lines 134-261, Dkt. 124-1. Notably, the basis for this allegation is the following:

**From:** Street, James E
**Sent:** Tuesday, June 12, 2007 11:39 AM
**To:** Walker, Michael A; Zapata, Alisa C; Lundvall, Anita ; Gravesbrown, Barbara A; Taylor, Bob; Swaby, Bobbie E; Keith, Brenda; Selig, Carol A.; Matthews, Carolyn J; Thomas, Cheryl E; Buck, Clifford W "Bill"; Carter, Daphane D; Castillo, Diana; McClure, Drue ; Martinez-Buley, Elena; Godwin, Frances L.; Bowyer, Frederick T.; Nixon, Jerri L. ; LaGrone, John; Valera, Kimberly S; McIntyre, Lillie M; Barnes, Lynn; Moreno, Maria "Marie"; Garza, Martin A.; Polhemus, Mary A; Rozas, Mechiel D; Bonnette, Merrie; Manley, Nancy C; Mercado, Nancy; Farinas, Pamela S; Thomas, Patricia; Viebrock, Paula J.; Heinze, Peter; Vaughn, Roslyn; Little, Sandra J.; Reyes, Santos; Cripps-Rains, Sarah F.; Harrington, Sarah L. ; Monaghan, Susan J ; Doyle, Sylvia A.; Rose, Theresa L; O'Neill, Thomas W; Le-Thai, Thuy M ; Chenier, Tiffany M; Epps, Trealla M; Rumrill, Vickie A
**Subject:**

*See e.g.*, Ex. PP, HISD00009441.   Plaintiff alleges that files named "4th Match TAKS.doc," "4th reading TAKS.doc," and "5th Grade Science TAKS Review Guide.doc" were attached to Mr. Street's email.   However, there is no admissible evidence establishing that those documents were actually attached to the email sent by Mr. Street.   Indeed, when deposed, Mr. Street had no personal knowledge of the alleged copies being attached to his email:



*See* Ex. QQ, Deposition of James Street ("Street Depo."), at 235:10 to 236:11; *see also at* 234:22-235:12, 236:12-238:8, 239:2-13 (filed under seal).   Mr. Street also testified that he has no recollection of ever distributing any copies of DynaStudy's materials nor is he aware of anyone

22

else at HISD making copies of DynaStudy's materials. *Id.* at 229:13-231:8; 228:25-229:12. Accordingly, there is no genuine issue of material fact that supports that Mr. Street infringed DynaStudy's copyright and the copyright claims pertaining to Mr. Street should be dismissed.

## III.   CONCLUSION

For all of the reasons stated in this motion, Defendant Houston Independent School District respectfully requests that the Court enter judgment in its favor on Plaintiff DynaStudy, Inc.'s copyright infringement claims discussed herein, Counts 1-2, award HISD its attorneys' fees and costs incurred in defending against DynaStudy's meritless claims, and further award HISD any other relief that the court determines appropriate.


DATED:  July 30, 2018                                  Respectfully submitted,

                                                       */s/  Jonathan R. Spivey*
                                                       Jonathan R. Spivey
                                                       Attorney-in-Charge
                                                       State Bar No. 24002989
                                                       SDTX No. 1794958
                                                       Jonathan.Spivey@bracewell.com

                                                       LaTasha M. Snipes
                                                       State Bar No. 24072504
                                                       SDTX No. 1104850
                                                       Latasha.Snipes@bracewell.com

                                                       Cheyenne J. Rogers
                                                       State Bar No. 24093763
                                                       SDTX No. 2800832
                                                       Cheyenne.Rogers@bracewell.com

                                                       Stacianne M. Wilson
                                                       State Bar No. 24070863
                                                       SDTX No. 1108692
                                                       Staci.Wilson@bracewell.com

Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002
(713) 223-2300 (phone)
(800) 404-3970 (fax)

**Attorneys for Houston Independent School District**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 30, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

*/s/  Jonathan R. Spivey*
Jonathan R. Spivey