United States District Court
Southern District of Texas
**ENTERED**
October 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNASTUDY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1442 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending are Plaintiff's Motion for Partial Summary Judgment on HISD's Liability for Violations of the Digital Millennial Copyright Act (Document No. 118), Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses (Document No. 119), Plaintiff's Partial Motion for Summary Judgment on HISD's Liability for Copyright Infringement (Document No. 125), Houston Independent School District's Partial Motion for Summary Judgment Regarding Plaintiff Dynastudy, Inc.'s DMCA Claims (Document No. 133), and Houston Independent School District's Motion for Partial Summary Judgment on Dynastudy's Copyright Claims (Document No. 138). After carefully considering the motions, responses,[1] replies, objections, and applicable law, the Court concludes as follows.

In connection with these motions, the parties have submitted more than 17,000 pages of briefing and evidence. The voluminous

---

[1] Defendant's Opposed Motion to Exceed Page Limits (Document No. 156) is GRANTED.

summary judgment evidence contains innumerable genuine issues of material fact that preclude summary judgment for either Plaintiff or Defendant on the entirety of any of the three pending claims alleged by Plaintiff--for direct copyright infringement, vicarious copyright infringement, and violations of the Digital Millennium Copyright Act ("DMCA").  Fact disputes are found in matters such as the mental state of dozens of Defendant's individual employees who are alleged to have engaged in infringement, the extent to which various of Defendant's employees copied protected elements of more than twenty of Plaintiff's copyrighted works, and the applicability of the fair use defense to each derivative work created by Defendant's employees.  Although a few portions of Plaintiff's claims may be subject to dispositive ruling, the parties have done virtually nothing to prioritize the mass of 17,000 pages of briefs and evidence to direct the Court to those pearls and, indeed, none would warrant summary judgment as a matter of law on the entirety of any claim for either party.  The Supreme Court observed in Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986), that

> [c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict . . . . neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course is to proceed with a trial.

2

This is such a case where the better course is to proceed with a trial. *See also* Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994) ("[E]ven in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'") (quoting Anderson, 106 S. Ct. at 2513). Accordingly, the parties' summary judgment motions are DENIED.

Notwithstanding the foregoing ruling, the parties' motions do highlight two legal disputes upon which the law applicable to this case can be stated to help narrow the issues and to assist the parties in focusing on relevant facts.

First, as the Court previously explained in its Memorandum and Order entered April 6, 2017, the relevant inquiry for determining whether a copyright claim is time-barred is when the claim accrued, not when the infringement occurred.[2] Groden v. Allen, 279 F. App'x 290, 294 (5th Cir. 2008); 17 U.S.C. § 507(b). "In this Circuit a copyright claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim is based.'" Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) (quoting Pritchett v. Pound, 473 F.3d 217, 220 (5th Cir. 2006)); *accord* PAR Microsystems, Inc. v. Pinnacle Dev. Corp., 105 F.3d 656 (5th Cir. 1996) (unpublished) ("[A] cause of action for copyright infringement arises when a party has knowledge of the violation or

---

[2] Document No. 32 at 13.

notice of facts that, in the exercise of due diligence, would have led to such knowledge.").

Defendant argues that these authorities are at odds with the Supreme Court's statement in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014), that a copyright claim arises or accrues when an infringing act occurs.[3]  However, the Court added a note recognizing that "[a]lthough we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'"  Id. at 1969 n.4.  In a post-Petrella decision, this Court has rejected the precise argument raised by Defendant:

> Based on language in Petrella, defendants have argued that the Supreme Court "overruled" the discovery rule in copyright infringements.  See, e.g., Design Basics LLC v. J & V Roberts Investments, Inc., No. 14-CV-1083-JPS, 2015 WL 5315680, at *12-13 (E.D. Wis. Sept. 11, 2015) ("The defendants claim that Petrella overruled the Seventh Circuit's discovery rule . . . . Since Petrella, district courts in the Seventh Circuit have continued to apply the discovery rule, and have specifically declined to adopt the defendants' line of reasoning. . . . This Court agrees . . . and recognizes that it is bound by the controlling case law of the Seventh Circuit.  Until the Seventh Circuit holds otherwise, this Court concludes that the discovery rule is still the law of this circuit.") (citations omitted); Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc., 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) ("While the language related to the statute of limitations is suggestive, this Court

---

[3] Document No. 162 at 5-6.

does not find that <u>Petrella</u> overruled the Third Circuit discovery rule.").

This court is bound by Fifth Circuit precedent and does not conclude that <u>Petrella</u> abrogated circuit law on the discovery rule in this context.  The Fifth Circuit applied the discovery rule in [<u>Graper v. Mid-Continent Cas. Co.</u>, 756 F.3d 393 (5th Cir. 2014)], an opinion issued over a month after <u>Petrella</u> in 2014.  <u>Petrella</u> was decided on May 19, 2014.  *See also* <u>Aspen Technology, Inc. v. M3 Technology, Inc.</u>, 569 F. App'x 259, 264 (5th Cir. 2014) ("Specifically, the discovery rule and the doctrine of fraudulent concealment apply to both misappropriation and infringement claims.") (issued May 29, 2014).

<u>Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP</u>, No. CV H-14-1903, 2016 WL 1203763, at *4 n.24 (S.D. Tex. Mar. 22, 2016) (Lake, J.); *accord* <u>Alfa Laval Inc. v. Flowtrend, Inc.</u>, No. CV H-14-2597, 2016 WL 2625068, at *5 (S.D. Tex. May 9, 2016) (Atlas, J.) (citing <u>Petrella</u> and applying Fifth Circuit's discovery rule).  The Fifth Circuit's discovery rule has not been held to be at odds with <u>Petrella</u> and will be applied in evaluating the timeliness of Plaintiff's claims.

Second, Plaintiff alleges that Defendant repeatedly violated § 1202(b) of the DMCA, and the parties dispute the proper legal test for counting violations under the DMCA's statutory damages provision.  Section 1203 provides that "[a]t any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."  17 U.S.C. § 1203(c)(3)(B).  The statute does not define "each violation."  In

what appears to have been the first case to consider the issue, a
district court in Pennsylvania determined after careful analysis
that "the term 'each violation' is best understood to mean 'each
violative act performed by Defendant.'" McClatchey v. Associated
Press, No. 305-CV-145, 2007 WL 1630261, at *6 (W.D. Pa. June 4,
2007) ("Thus, AP would violate the DMCA each time it wrongfully
distributed a photograph to its subscribers.  In this case, the
Court concludes that AP committed only one alleged violative act
by distributing the End of Serenity photograph to its PhotoStream
subscribers, even though there were 1,147 recipients.").  Both
this Court and others have adopted this approach.  See Stockwire
Research Grp., Inc. v. Lebed, 577 F. Supp. 2d 1262, 1267 (S.D. Fla.
2008) ("Following the McClatchey analysis, however, the number of
unlawful recipients is immaterial for purposes of statutory damages
under § 1203(c)(3)(B); rather, this Section focuses solely on the
Defendants' conduct, or in other words, the number of times the
Unauthorized Product was posted on the internet for distribution,
regardless of the number of end-recipients."); Interplan
Architects, Inc. v. C.L. Thomas, Inc., No. 4:08-CV-03181, 2010 WL
4366990, at *42 (S.D. Tex. Oct. 27, 2010) (Ellison, J.) ("The term
'violation' has also been held to mean 'each violative act
performed by Defendant.'" [citing McClatchey and Stockwire]  Under
the latter interpretation, Defendant's removal of Plaintiff's title
block could constitute the 'violation' contemplated by 17 U.S.C.

§ 1203(c)(3)(B).”); <u>Granger v. One Call Lender Servs., LLC</u>, No. CIV.A. 10-3442, 2012 WL 3065271, at *4 (E.D. Pa. July 26, 2012) (“In <u>McClatchley v. Associated Press</u>, the court defined the term ‘each violation’ to mean ‘each violative act performed by Defendant.’ Accordingly, a defendant ‘violate[s] the DMCA each time it wrongfully distributed a [copyrighted work].’”) (internal citations omitted); <u>Design Basics, LLC v. Drexel Bldg. Supply, Inc.</u>, No. 13-C-560, 2016 WL 5794746, at *3 (E.D. Wis. Oct. 4, 2016) (“[T]he DMCA applies for each act violating the DMCA without respect to how many individuals are recipients of the affected work. The DMCA focuses on violating acts, not recipients.”).

Accordingly, “each violation” means “each violative act performed by Defendant.” Thus, the one-time sending of an email to multiple addressees is a single act which, assuming that the other requirements for liability under the DMCA violation are met, would constitute a single violation under § 1203. Similarly, the one-time sending of an email to request the printing of multiple copies of an attached copyrighted work would, assuming it satisfies the other requirements of § 1202(b), be a single violation of the DMCA because it is a single violative act. Plaintiff protests that it would be “absurd” and “ludicrous” to deem the one-time sending of an email to 46 addressees as only one violation while the multiple sending of 46 separate emails to the same 46 recipients would be

46 violations,[4] but this is precisely what the caselaw holds. *See* Design Basics, 2016 WL 5794746, at *3 ("Here, if the Defendants shared the same image multiple times, that would be multiple acts in violation of the DMCA. McClatchy's reasoning does not apply because it is based on a single act, not a single photograph. Under McClatchy's line of reasoning, if the defendant had sent 1,147 emails, that would result in 1,147 violations even if the emails contained the same copyrighted photo."). Moreover, the caselaw on which Plaintiff relies to argue against "absurd results" expresses concern only with interpretations that permit excessively large awards of statutory damages. Craigslist, Inc. v. Doe, No. C09-4739 SI BZ, 2011 WL 1897423, at *5 (N.D. Cal. Apr. 25, 2011) ("Similar to the plaintiffs in Arista Records and Stockwire Research Group, craigslist seeks a broad interpretation of the DMCA's 'each violation' language that could produce billions of dollars in damages. This too would be an absurd result that was not intended by Congress . . . ."), *report and recommendation adopted sub nom*. Craigslist, Inc. v. Meyer, No. C 09-4739 SI, 2011 WL 1884555 (N.D. Cal. May 18, 2011). As the court in McClatchey noted, plaintiffs electing statutory damages may receive a windfall, but "[w]here one act by Defendant results in mass infringement, it is more likely that actual damages will yield the more favorable recovery." 2007 WL 1630261, at *6. There is

---

[4] Document No. 180 at 5-6.

nothing unjust about interpreting "each violation" as "each violative act," and the Court adopts that widely used definition. Accordingly, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment on HISD's Liability for Violations of the Digital Millennial Copyright Act (Document No. 118), Plaintiff's Motion for Partial Summary Judgment on Defendant's Affirmative Defenses (Document No. 119), Plaintiff's Partial Motion for Summary Judgment on HISD's Liability for Copyright Infringement (Document No. 125), Houston Independent School District's Partial Motion for Summary Judgment Regarding Plaintiff Dynastudy, Inc.'s DMCA Claims (Document No. 133), and Houston Independent School District's Motion for Partial Summary Judgment on Dynastudy's Copyright Claims (Document No. 138) are all DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 10th day of October, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE