IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNASTUDY, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:16-cv-01442 |
| | § | JURY DEMAND |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| *Defendant.* | § | |

# DYNASTUDY, INC.'S TRIAL BRIEF ON FAIR USE

Fair use is a privilege that persons other than copyright owners may have to use copyrighted material in a reasonable manner and in limited circumstances, without the copyright owner's consent. *Triangle Publc'ns, Inc. v. Knight-Ridder Newspapers, Inc.,* 626 F.2d 1171, 1174 (5th Cir. 1980). The Copyright Act instructs courts to consider four key factors in determining whether fair use applies: (1) the purpose and nature of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107 (2012).  Although "fair use" is a mixed question of fact and law, it can be determined as a matter of law once a court has found facts sufficient to evaluate each of the statutory factors. *Harper & Row Pub., Inc. v. Nation Enters.,* 471 U.S. 539, 560 (1985).

1. ***The purpose and nature of HISD's use is commercial as a matter of law***

Commercial use is one of the most important factors for fair-use consideration and copying for commercial purposes militates against a finding of fair use. *Harper & Row,* 471 U.S. at 562;

*Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 583-84 (1994). In the context of copyright infringement and the publishing industry, the United States Supreme Court has very clearly expressed that "[t]he crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price." *Harper & Row, Publrs v. Nation Enters.,* 471 U. S. 539, 562 (1985). There can be no doubt that HISD directly benefitted from the use of hundreds of copies of Dynastudy's Copyrighted Works that the district did not purchase or otherwise license. *Id.* (holding that the defendant's use of the copyrighted work supplanted the copyright holder's commercially valuable rights). It is undisputed that HISD employees failed to properly purchase the unauthorized copies at issue such that HISD saved thousands in legal procurement costs.[1]

This first factor also analyzes whether the accused work supersedes or competes with the copyrighted work in the marketplace, or whether and to what extent the accused work is "transformative," meaning altered in a way that gives new expression, meaning or message. *Cambell,* 510 U.S. at 579. A majority of the copies alleged herein constitute exact or near-exact copies of DynaStudy's Copyrighted Works created by HISD employees for use in their classrooms with their students, thereby superseding and competing with DynaStudy's legitimate sale of its own products for that same use.[2] For all of these reasons, this factor weighs decidedly in DynaStudy's favor and against fair use.

2. ***HISD's unauthorized use of DynaStudy's Copyrighted Works far exceeds that which is permissible under the fair use doctrine***

The second fair use factor is the nature of the copyrighted work. In *Harper & Row,* although the United States Supreme Court noted that the law generally recognizes a lesser degree

---

[1] *See* Dkt. No. 119 at Ex. F: Expert report of David Leathers, at pp. 23-28.
[2] *See id.* at Ex. A-1: Comparison, Part I; Ex. A-2: Comparison, Part II; Ex. A-3: DMCA Comparison; Ex. A-4: Dohoney Comparison; Ex. A-5: Derivatives Comparison.

of protection of purely factual works as opposed to fiction or fantasy, it still held there was no fair use because the defendant "did not stop at isolated phrases" but excerpted exact portions of the most expressive elements of the work, far exceeding any use "necessary to disseminate the facts." 471 U.S. 539, 563-63. The same is true here. First, HISD has failed to offer any evidence to demonstrate that its unauthorized use was limited solely to "isolated phrases." To the contrary, HISD's copying or distribution of hundreds of exact or near-exact **complete** copies of DynaStudy's Copyrighted Works far exceeds any use necessary to disseminate basic educational principles.[3] This factor also weighs against a finding of fair use.

### 3. *HISD's infringement is not trivial, but involves hundreds of exact or near-exact copies of DynaStudy's entire Copyrighted Works*

The third fair use factor is the amount and substantiality of the portion used in relation to the copyrighted work as a whole. 17 U.S.C. §107. Reproduction of an entire copyrighted work usually constitutes an unfair use. *Veeck v. S. Bldg Code,* 293 F.3d 791, 824 and n. 73 (5th Cir. 2002). Most of HISD's infringement involves the unauthorized reproduction of exact or near exact copies of DynaStudy's *entire* copyrighted works. Such wholesale reproduction cannot be excused as "fair use."

Likewise, when evaluating the fair use factors, a court's focus is not on the scope or breadth of the *infringing* work; the central issue is how much of the *copyrighted* work was actually copied into the infringing work. 17 U.S.C. §107; *Harper & Row,* 471 U.S. at 565 ("… a taking may not be excused merely because it is unsubstantial with respect to the *infringing* work"). Thus, HISD's infringement is not excused because all six pages of a DynaStudy study guide is incorporated into a larger document. *Id.* Truly, "no plagiarist can excuse the wrong by showing how much of his

---

[3] *See id.* at Ex. A-1: Comparison, Part I; Ex. A-2: Comparison, Part II; Ex. A-3: DMCA Comparison; Ex. A-4: Dohoney Comparison; Ex. A-5: Derivatives Comparison.

work he did not pirate." *Id., quoting* Judge Learned Hand in *Sheldon v. Metro Goldwyn Pics. Corp.,* 81 F.2d 49, 56 (2nd Cir. 1936). "Conversely, the fact that a substantial portion of the infringing work was copied verbatim is evidence of the qualitative value of the copyrighted material…." *Id.* Due to HISD's exact or near-exact copying or distribution of each of DynaStudy's Copyrighted Works,[4] this favor weighs heavily against a finding of fair use.

### 4. *HISD's unauthorized use supersedes the intended use of DynaStudy's Copyrighted Works*

The Fourth and final factor is the effect of such use on the potential market or value of the copyrighted work. "This last factor is undoubtedly the single most important element of fair use." *Harper & Row,* 471 U.S. at 566. Accordingly, "**to negate fair use, one need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work**." *Id.* at 568. Thus, **"a use that supplants any part of the normal market for a copyrighted work" constitutes an infringement.** *Id.* Even "[i]solated instances of minor infringements when multiplied many times become in the aggregate a major inroad on copyright that must be prevented." *Id.* at 569 (internal citations omitted). HISD purchased materials from DynaStudy from 2006 to the present.[5] HISD was DynaStudy's biggest customer.[6] Thus, infringement by HISD would (and has) literally "supplanted" the "normal market" for the Copyrighted Works. It cannot be disputed that HISD utilized hundreds of unauthorized copies of the entirety of DynaStudy's Copyrighted Works within the same market and for the very same purpose intended by DynaStudy (instead of buying the materials), and that infringing use has

---

[4] *See* Dkt. No. 119 at Ex. A-1: Comparison, Part I; Ex. A-2: Comparison, Part II; Ex. A-3: DMCA Comparison; Ex. A-4: Dohoney Comparison; Ex. A-5: Derivatives Comparison.
[5] *See id.* at Ex. A: Ellen Harris Declaration at Ex. A-6: HISD Invoices.
[6] *See id.* at Ex. A: Ellen Harris Declaration.

"adversely affected the potential market for the copyrighted work."[7]  On this basis, the fourth and most important fair use factor weighs heavily in favor of DynaStudy and against fair use.

"The fair use doctrine is not a license for corporate theft, empowering a court to ignore a copyright whenever it determines the underlying work contains material of possible public importance," such as education.  *Harper & Row,* 471 U.S. at 558, *quoting Iowa State Univ. Research Found., Inc. v. American Broadcasting Cos., Inc.,* 621 F.2d 57, 61 (1980) (internal citations omitted).  The Supreme Court has squarely weighed in on this issue and because the balance of each of the four statutory factors weighs in favor of DynaStudy as an educational publisher supplying school districts with the Copyrighted Works at issue, HISD's affirmative defense of fair use fails as a matter of law. *Id.*

In sum, the balance of these factors weighs overwhelmingly in favor of DynaStudy and against fair use as a matter of law.  The First Ciruit came to the same conclusion under very similar facts in *Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29 (1st Cir. 2012).  There, in response to claims asserted against an archbishop who was alleged to have copied translations of biblical texts for use in his own educational teaching, the court held that an archbishop's copies were not fair use because they were "identical or near-identical reproductions" that were not sufficiently transformative and were "for the same purpose as the monastery's – religious education and devotional practice."  Here, as in *Gregory,* the defense of fair use is unavailable as a matter of law.

---

[7] *See id.* at Ex. A-1: Comparison, Part I; Ex. A-2: Comparison, Part II; Ex. A-3: DMCA Comparison; Ex. A-4: Dohoney Comparison; Ex. A-5: Derivatives Comparison; *see also* Ex. F: Expert report of David Leathers, at pp. 17-29 and 36-38.

Dated:  February 4, 2019                    Respectfully submitted,

*/s/ Gary R. Sorden*
Darin M. Klemchuk
Texas Bar No. 24002418
SDTX Bar No. 23662
darin.klemchuk@klemchuk.com
Gary R. Sorden
Texas Bar No. 24066124
gary.sorden@klemchuk.com
Tim Craddock
Texas Bar No. 24082568
tim.craddock@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel: 214-367-6000
Fax: 214-367-6001

**ATTORNEYS FOR PLAINTIFF DYNASTUDY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have deemed to have consented to electronic service via the Court's CM/ECF system are being served with a copy of this document on February 4, 2019 as follows:

Jonathan R. Spivey
LaTasha M. Snipes
Stacianne M. Wilson
BRACEWELL LLP
711 Louisiana, Suite 2300
Houston, TX  77002
jonathan.spivey@bracewell.com
latasha.snipes@bracewell.com
staci.wilson@bracewell.com

Cheyenne Pate
BRACEWELL LLP
1445 Ross Avenue, Suite 3800
Dallas, TX  75202
cheyenne.pate@bracewell.com

**ATTORNEYS FOR DEFENDANT
HOUSTON INDEPENDENT SCHOOL DISTRICT**

*/s/ Gary R. Sorden*
Gary R. Sorden