IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNASTUDY, INC. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:16-cv-1442 |
| v. | § § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**HOUSTON INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF DYNASTUDY, INC.'S TRIAL BRIEF ON FAIR USE**

Defendant Houston Independent School District ("Houston ISD") files this Response to Plaintiff DynaStudy Inc.'s ("Plaintiff" or "DynaStudy") Trial Brief on Fair Use (the "Brief"), Dkt. 238, and, in support thereof, states as follows:

## I. INTRODUCTION

Plaintiff's Brief requests relief indirectly by stating in its closing, "[T]he defense of fair use is unavailable as a matter of law." This Brief is essentially a renewed motion for summary judgment, seeking a ruling from this Court stating that Houston ISD is not permitted to pursue its fair use defense at trial. Plaintiff previously filed a motion for summary judgment seeking to dismiss all of Houston ISD's affirmative defenses, including fair use, as a matter of law. Dkt. 119. The Court denied that motion. Dkt. 213. Plaintiff cannot now, on the eve of trial, reassert the same summary judgment arguments in a "trial brief" in an attempt to appeal and/or circumvent the Court's previous ruling. Accordingly, Plaintiff's "trial brief" is wholly improper and should be denied.

## II.     ARGUMENT AND AUTHORITIES

Plaintiff previously filed a Motion for Partial Summary Judgment on HISD's Affirmative Defenses, seeking to dismiss as a matter of law all of Houston ISD's affirmative defenses, including fair use. Dkt. 119. Houston ISD set forth its basis for asserting the fair use defense in its Response in Opposition to Plaintiff's Motion for Partial Summary Judgment on HISD's Affirmative Defenses (the "Response"). Dkt. 162 at pp. 17-24. Houston ISD will not restate those arguments here, and instead Houston ISD fully incorporates by reference herein that Response (Dkt. 162). This Court denied Plaintiff's Motion for Partial Summary Judgment on HISD's Affirmative Defenses. Dkt. 213. According to the Court's Order, there is a genuine issue of material fact as to this defense, and this is a case where the disputes between the parties should proceed to trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In renewing its motion for summary judgment, under the guise of "trial brief," Plaintiff raised additional issues that warrant addressing briefly here. First, Houston ISD did not "save[] thousands in legal procurement costs." *See* Brief at p. 2. At the time Houston ISD was reducing its purchase of DynaStudy materials, it was implementing more digital materials and therefore making wholesale reductions in the purchase of all print materials. *See* Dkt. 162-1 at ¶ 11. Additionally, Plaintiff failed to meet the requirements to be a vendor of the digital materials Houston ISD needed in making this change. *See* Dkt. 162-4 at 58:12-60:5, 62:22-64:3. Plaintiff's expert fails to take this into consideration.

Moreover, Plaintiff focuses on certain documents allegedly copied by Houston ISD teachers, but fails to consider the applicability of the fair use defense to other "derivative" works that indeed used "isolated phrases" "necessary to disseminate the facts," not a "substantial portion," all of which was discussed fully in Houston ISD's Response. *Harper & Row*

*Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 563-65 (1985); *See* Dkt. 162 at pp. 3 n. 3, 19-22. These "derivative" works are essential to Houston ISD's fair use defense and cannot be ignored when considering the viability of this defense.

Finally, Plaintiff again claims that the alleged infringement by Houston ISD allegedly "affected the potential market for the copyrighted work." Importantly, "[a]n adverse market effect *alone* does not preclude a fair use defense; instead, the focus is whether a defendant's secondary use 'usurps the market of the original work,' not whether the secondary use 'suppresses or even destroys the market for the original work.'" *Am. Inst. of Physics*, 2013 WL 6242843, at *10 (W.D. Tex. Dec. 3, 2013) (quoting *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562 F.3d 630, 642 (4th Cir. 2009)) (emphasis added). As such, even if this factor should weigh in favor of Plaintiff, which Houston ISD disputes, it does not wholly preclude Houston ISD from asserting the fair use defense. Even so, as discussed above, Houston ISD did not slow its purchase of DynaStudy materials due to any purported infringement, which at most was perpetuated by only a small group of Houston ISD's nearly 14,000 teachers. Again, in large part due to the proliferation of laptops and other mobile devices in schools, Houston ISD (in keeping with the trend of other public school districts) substantially reduced its expenditures on printed instructional materials and simultaneously increased it use of digital instructional materials and interactive instructional software, at a pace and method of use with which Plaintiff could not keep up. *See* Dkt. 162-1 at ¶ 11; Dkt. 162-4 at 58:12-60:5, 62:22-64:3. As such, minimal, if any, damage to Plaintiff's market value was caused by the alleged infringement and this fourth factor favors fair use.

### III.     CONCLUSION

For all of the reasons stated in this Response, Defendant Houston ISD respectfully requests that the Court deny any relief sought in Plaintiff DynaStudy, Inc.'s Trial Brief on Fair Use.  Houston ISD also requests any other relief the Court deems appropriate.

DATED:  February 25, 2019

Respectfully submitted,

*/s/  Jonathan R. Spivey*
Jonathan R. Spivey
Attorney-in-Charge
State Bar No. 24002989
SDTX No. 1794958
Jonathan.Spivey@bracewell.com

LaTasha M. Snipes
State Bar No. 24072504
SDTX No. 1104850
Latasha.Snipes@bracewell.com

Cheyenne Pate
State Bar No. 24093763
SDTX No. 2800832
Cheyenne.Pate@bracewell.com

Stacianne M. Wilson
State Bar No. 24070863
SDTX No. 1108692
Staci.Wilson@Bracewell.com

Bracewell LLP
711 Louisiana St., Ste. 2300
Houston, TX 77002
(713) 223-2300 (phone)
(800) 404-3970 (fax)

*Attorneys for Houston Independent School District*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 25, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1, 5.3.

                                                              */s/ Jonathan R. Spivey*
                                                               Jonathan R. Spivey