IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DYNASTUDY, INC.,                  §
                                  §
       Plaintiff,                 §
                                  §
v.                                §        CIVIL ACTION NO. H-16-1442
                                  §
HOUSTON INDEPENDENT SCHOOL        §
DISTRICT,                         §
                                  §
       Defendant.                 §


## VERDICT

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Questions.

SIGNED at Houston, Texas, on this 23 day of May, 2019.


FOREPERSON OF THE JURY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNASTUDY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1442 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## *COURT'S INSTRUCTIONS TO THE JURY*

**Members of the Jury:**

### General Instructions

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law that you must apply to this case.  It is your duty as jurors to follow the law as I give it to you in these instructions and to apply these rules of law to the facts you find from the evidence in the case.  You are not to single out one instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions of the Court.  You are therefore not to be concerned with the wisdom of any rule of law stated by the Court.  Similarly, you would violate your sworn duty as judges of the facts if you based

your verdict upon anything other than the evidence in this case. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.  Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you what verdict I think you should find.  You, the Jury, are the sole and exclusive judges of the facts.

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation, a school district, and all other persons are equal before the law and must be treated as equals in a court of justice.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question required to be answered from the facts as you find them.  Do not decide who you think should win and then answer the question accordingly.  All of the jurors must agree with the answer for you to return a verdict.

You must answer all questions from a **preponderance of the evidence**.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you

2

that a claim is more likely so than not.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

An important part of your job will be making judgments about the testimony of the witnesses.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with any party to the case?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

In determining the weight to give to the testimony of a witness, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of facts

or circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## **Expert Witnesses**

When knowledge of specialized subject matter may be helpful to the Jury, a person who has special training or experience in that specialized subject matter field is permitted to state his or her opinion on those specialized subject matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

## Charts, Summaries, and Demonstrative Exhibits

Certain charts, summaries, and demonstrative exhibits have been shown to you solely to help explain or summarize the facts disclosed by the records and other documents that are in evidence. These charts, summaries, and demonstrative exhibits are not evidence or proof of any facts. You should determine the facts from the evidence. If your recollection of the evidence differs from the charts, summaries, and/or demonstrative exhibits, rely on your recollection.

## <u>No Inference From Filing Suit</u>

The fact that a person brought a lawsuit and is in Court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit does not in any way tend to establish that claim and is not evidence.

## SPECIAL INSTRUCTION NO. 1

### Copyright Infringement

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others.  You are probably accustomed to hearing the word "author" used for writings, such as a novel, but under the copyright law any creator of an original work that is protectable under the copyright laws is referred to as an author. A copyrightable work can be a literary work, architectural work, musical work, dramatic work, pantomime work, choreographic work, pictorial work, graphic work, sculptural work, works fixed in semiconductor chip products, or even a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.  One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless given permission to do so by the copyright owner.

In this case Plaintiff DynaStudy contends that Defendant HISD through its employees infringed DynaStudy's copyrights in certain of its printed works.  To establish infringement in one of its copyrights in its printed works, DynaStudy must prove (1) ownership

9

of a valid copyright in that work, and (2) unauthorized "copying" of constituent elements of the work that are original.

"Original" means that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal amount of creativity. The requisite of creativity is extremely low; even a slight amount will suffice. To be entitled to copyright protection, a work need not be completely original. It may include or incorporate elements taken from prior works. In such a case, however, the copyright extends only to the original material added by the author. Copying of a copyrighted work only constitutes infringement to the extent that the elements copied are original and therefore protected by the copyright.

Some of the copyrighted works at issue in this case are factual compilations. A "compilation" is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole may constitute an original work of authorship. Facts contained in a compilation are not themselves protected by copyright, because they are not original to the author of the compilation. Likewise, laws of nature, natural phenomena, well-known principles of science, mathematics, scientific theories, and the like are not protected by copyright. To the extent you find that DynaStudy is claiming copyright protection for any facts,

10

principles, or other material that is not original to DynaStudy, you should exclude that material as a basis for DynaStudy's copyright infringement claim. Even if the facts they contain are not original, factual compilations may be entitled to copyright protection if the compilation author chooses which facts to include, in what order to place them, and how to arrange the collected facts so that they may be effectively used by readers. These choices as to selection and arrangement, so long as they are made independently by the compiler and contain a minimal degree of creativity, are sufficiently original that they are subject to copyright protection. However, a factual compilation has only thin copyright protection. A subsequent compiler is free to use the facts contained in a copyrighted compilation, although the original author's selection and arrangement of the facts, to the extent it is original, is protected by copyright.

Copyright protection also extends to derivative works. A "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work."

11

A certificate of federal registration, which DynaStudy has shown for the printed works in issue, creates a rebuttable presumption that a copyright is valid and that DynaStudy owns the copyright.

The foregoing discussion is a rather expansive explanation of the first element to establish infringement of a copyright in a work of printed material, namely, that DynaStudy must prove ownership of a valid copyright in that work. The second element of copyright infringement, unauthorized copying, has within it two separate elements: (1) copying and (2) substantial similarity. The next two Special Instructions describe these two elements.

## SPECIAL INSTRUCTION NO. 2

### Copying

In order to prevail on its copyright claim, DynaStudy must prove that HISD "copied" its copyrighted works.  Copying can be proved by direct or indirect evidence.  An example of direct evidence would be an admission by HISD that HISD copied DynaStudy's work, or testimony of someone who saw the work being copied or who was directed to copy the work.  However, proof of that nature is often not available in copyright cases.  A plaintiff may create a presumption of copying by indirect or circumstantial evidence establishing that HISD had **access** to the copyrighted work and that HISD's work is **probatively similar** to the copyrighted work.

DynaStudy must show by a preponderance of the evidence that HISD had a reasonable possibility of access to DynaStudy's work.  A bare possibility will not suffice; neither will a finding of access based on speculation or conjecture.  You may find that HISD had access to DynaStudy's work if HISD had a reasonable opportunity to view DynaStudy's work before HISD created the works in question.  DynaStudy does not need to prove that HISD actually viewed DynaStudy's works in order to establish access.  Rather, DynaStudy need only establish that HISD had a reasonable opportunity to view DynaStudy's work before HISD created its works.

13

Further, if the two works are so *strikingly* similar as to preclude the possibility of independent creation, "copying" may be proved without a showing of access.

**"Probative similarities"** are those similarities that in the normal course of events would not be expected to arise independently in the two works.

"Probative similarity" requires a comparison of both the copyrightable and noncopyrightable aspects of the works (*i.e.*, the whole of the works), looking for similarities that indicate that copying has occurred.

In evaluating whether there are probative similarities between the works in question, you should consider all aspects of the works and not just the aspects of the copyrighted work that are protected.

In evaluating whether there are probative similarities, you are not required to find that the whole of HISD's work largely replicates the whole of a copyrighted work.

If you find, considering all of the circumstances, that it is more likely than not that copying has taken place, then DynaStudy has sustained its burden on that particular question.

Liability for copyright infringement does not require that the infringer intended to infringe the copyright. An infringer is liable for "innocent" or "accidental" copyright infringement.

14

## SPECIAL INSTRUCTION NO. 3

### Substantial Similarity

In order for DynaStudy to recover for copyright infringement, it must also prove that any copies or derivative works made by HISD are substantially similar to a DynaStudy copyrighted work. **"Substantial similarity"** means "copying of constituent elements of the work that are original."

Substantial similarity does not require that the two works be exact reproductions or nearly identical; substantial similarity is found where the work is recognizable by the ordinary observer as having been taken from the copyrighted source. Moreover, the existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work.

It is not a defense to infringement to claim to have merely used some of a copyrighted work.

## SPECIAL INSTRUCTION NO. 4

## HISD's Defense of "Fair Use"

HISD contends that four of DynaStudy's copyrighted works were not infringed for the reason that HISD's use qualifies as "fair use." "Fair use" of a copyrighted work is not an infringement of the copyright. HISD has the burden of proving fair use by a preponderance of the evidence.

The purpose of the fair use doctrine is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection afforded by copyright law. Fair use can include copying for purposes such as criticism, comment, news reporting, teaching, scholarship, or research, although not all copying for those purposes is fair use. The fair use doctrine does not permit uses that supersede the use of the original.

In determining whether the use made of any particular copyrighted work is a fair use, you should consider the following factors, although, as I will instruct you shortly, you may also consider other factors:

(1)   the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)   the nature of the copyrighted work;

16

(3)    the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)    the effect of the use upon the potential market for or value of the copyrighted work.

In considering the purpose and character of the work, the crux of the profit/non-profit distinction is not whether the sole motive of the use is monetary gain, but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price.

In considering the nature of the copyrighted work, you should consider the Court's instructions in Special Instruction No. 1 about the extent of copyright protection.  As a general matter, the more creative a work, the more protection it should receive against copying.

In considering the amount and substantiality of the portion copied, you should consider how much of DynaStudy's copyrighted works HISD took and how important that portion is to DynaStudy's works.  The fact that the portion copied may make up only a small part of the infringing work does not make it insubstantial, but evidence that a substantial portion of the infringing work was copied verbatim is probative of the qualitative value of the copied material.  Reproduction of an entire copyrighted work usually constitutes an unfair use.

The final factor--the effect of the use upon the potential market for or value of DynaStudy's work--is the most important. Fair use is limited to copying by others that does not materially impair the marketability of the work which is copied.  A use is not fair if the use, should it become widespread, would adversely affect the potential market for the copyrighted work.

You must consider each of the factors I have just identified to determine whether HISD has carried its burden of proving that HISD's use of four of DynaStudy's copyrighted works is fair use. No one of these factors is necessarily determinative of the issue of fair use by itself.  Some factors may weigh in favor of finding fair use and some may weigh against finding fair use.  In addition, each factor is not always entitled to equal weight.  This is not a counting exercise, where three factors in favor of fair use always outweigh one factor against fair use, or vice versa.

Moreover, these are not the only factors that you may consider when deciding whether HISD's use was fair.  In deciding whether to consider any other factors, you should be guided by the policy underlying the fair use doctrine, which is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection accorded by copyright law.

To find that a particular use by HISD of one or more of the four DynaStudy's copyrighted works was fair use, you must determine that HISD has met its burden of proving by a preponderance of the evidence that, as a whole, the factors in favor of finding fair use outweigh the factors against such a finding.

HISD contends that the fair use defense applies to the following four DynaStudy copyrights listed in Question No. 1 below.

5.   Chemistry EOC Review Guide

26.   Grade 8 Science for STAAR Review Guide

28.   Grade 8 Science TAKS Review Guide

30.   Physics EOC Review Guide

If you find that all of HISD's copying of a particular copyrighted work constituted fair use, then you should find that HISD did not infringe DynaStudy's copyright in that work.  If you find that HISD made copies of a particular copyrighted work on more than one occasion, and only some of those occasions constituted fair use while others were infringement, then HISD is liable for infringement of that copyrighted work.

## QUESTION NO. 1

Do you find that Defendant HISD through its employees infringed Plaintiff DynaStudy's copyrights in the following printed works?

Answer **"Yes"** or **"No"** as to each:

1.   Algebra I EOC Review Guide _____ Yes _____

2.   Algebra I EOC Student Course Notes _____ Yes _____

3.   Algebra II EOC Review Guide _____ Yes _____

4.   Biology EOC Review Guide _____ Yes _____

5.   Chemistry EOC Review Guide _____ Yes _____

6.   English I EOC Review Guide _____ Yes _____

7.   English II EOC Review Guide _____ Yes _____

8.   Exit Level Science for TAKS Review Guide _____ Yes _____

9.   Geometry EOC Review Guide _____ Yes _____

10.  Grade 3 Math for STAAR Review Guide _____ Yes _____

11.  Grade 3 Math for TAKS _____ Yes _____

12.  Grade 4 Math for STAAR Review Guide _____ Yes _____

13.  Grade 4 Math for TAKS _____ Yes _____

14.  Grade 4 Reading TAKS _____ Yes _____

15.  Grade 5 Math TAKS _____ Yes _____

16.  Grade 5 Reading for TAKS _____ Yes _____

17.  Grade 5 Math for STAAR Review Guide _____ Yes _____

18.  Grade 5 Science for STAAR Review Guide _____ Yes _____

19.  Grade 5 Science TEKS Aligned Student Guide _____ Yes _____

20

20. Grade 5 Science TAKS Review Guide _____Yes_____

21. Grade 6 Math TAKS Review Guide _____Yes_____

22. Grade 7 Math TAKS Review Guide _____Yes_____

23. Grade 7 Writing for TAKS Review Guide _____Yes_____

24. Grade 8 Math Eligible TEKS Review and
    Intervention Activity Book _____Yes_____

25. Grade 8 Math TAKS Review Guide _____Yes_____

26. Grade 8 Science for STAAR Review Guide _____Yes_____

27. Grade 8 Science STAAR Review and
    Intervention Program Activity Book _____Yes_____

28. Grade 8 Science TAKS Review Guide _____Yes_____

29. Grade 8 Social Studies for STAAR
    Review Guide _____Yes_____

30. Physics EOC Review Guide _____Yes_____

31. Revised Grade 3 Math TAKS Review Guide _____Yes_____

32. Revised Grade 6 Math TAKS Review Guide _____Yes_____

33. Revised Grade 7 Math TAKS Review Guide _____Yes_____

34. Revised Grade 8 Math TAKS Review Guide _____Yes_____

35. World Geography EOC Review Guide-2nd Edition _____Yes_____

36. World History EOC Review Guide _____Yes_____

If you answered "yes" for at least one of DynaStudy's copyrights,
proceed to Special Instruction No. 5 and Question No. 2.  If you
answered "no" as to all of DynaStudy's copyrights, skip to Special
Instruction No. 8 and Question No. 4.

## SPECIAL INSTRUCTION NO. 5

### Willful Infringement

DynaStudy contends that HISD willfully infringed DynaStudy's copyrights.  To prove willful infringement of a copyrighted work, DynaStudy must prove by a preponderance of the evidence that HISD knew that it was infringing a copyright or that HISD acted with reckless disregard to DynaStudy's copyright.

## QUESTION NO. 2

If you have answered "yes" to one or more of the 36 copyrights listed in Question No. 1, then for each such copyright to which you answered "yes," do you find that HISD through its employees willfully infringed the copyrighted work?

Answer **"Yes"** or **"No"** as to each copyright that you found was infringed in your answer to Question No. 1.  Do not fill in any answer for any copyrighted works for which you answered "No" in Question No. 1:

1.    Algebra I EOC Review Guide                              Yes

2.    Algebra I EOC Student Course Notes                       Yes

3.    Algebra II EOC Review Guide                              Yes

4.    Biology EOC Review Guide                                 Yes

5.    Chemistry EOC Review Guide                               Yes

6.    English I EOC Review Guide                               Yes

7.    English II EOC Review Guide                              Yes

8.    Exit Level Science for TAKS Review Guide                 Yes

9.    Geometry EOC Review Guide                                Yes

10.   Grade 3 Math for STAAR Review Guide                      Yes

11.   Grade 3 Math for TAKS                                    Yes

12.   Grade 4 Math for STAAR Review Guide                      Yes

13.   Grade 4 Math for TAKS                                    Yes

14.   Grade 4 Reading TAKS                                     Yes

15.   Grade 5 Math TAKS                                        Yes

16.  Grade 5 Reading for TAKS     Yes

17.  Grade 5 Math for STAAR Review Guide     Yes

18.  Grade 5 Science for STAAR Review Guide     Yes

19.  Grade 5 Science TEKS Aligned Student Guide     Yes

20.  Grade 5 Science TAKS Review Guide     Yes

21.  Grade 6 Math TAKS Review Guide     Yes

22.  Grade 7 Math TAKS Review Guide     Yes

23.  Grade 7 Writing for TAKS Review Guide     Yes

24.  Grade 8 Math Eligible TEKS Review and
     Intervention Activity Book     Yes

25.  Grade 8 Math TAKS Review Guide     Yes

26.  Grade 8 Science for STAAR Review Guide     Yes

27.  Grade 8 Science STAAR Review and
     Intervention Program Activity Book     Yes

28.  Grade 8 Science TAKS Review Guide     Yes

29.  Grade 8 Social Studies for STAAR
     Review Guide     Yes

30.  Physics EOC Review Guide     Yes

31.  Revised Grade 3 Math TAKS Review Guide     Yes

32.  Revised Grade 6 Math TAKS Review Guide     Yes

33.  Revised Grade 7 Math TAKS Review Guide     Yes

34.  Revised Grade 8 Math TAKS Review Guide     Yes

35.  World Geography EOC Review Guide-2nd Edition     Yes

36.  World History EOC Review Guide     Yes

## SPECIAL INSTRUCTION NO. 6

### Consider Damages Only if Necessary

If DynaStudy has proved any of its copyright infringement claims against HISD by a preponderance of the evidence, you must determine the damages to which DynaStudy is entitled.  You should not interpret the fact that I am giving instructions about DynaStudy's damages as an indication in any way that I believe that DynaStudy should, or should not, win this case.  It is your task first to decide whether HISD is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that HISD is liable and that DynaStudy is entitled to recover money from HISD.

25

## SPECIAL INSTRUCTION NO. 7

### Statutory Damages under the Copyright Act

The Copyright Act gives copyright owners whose copyrights are infringed the choice to seek either actual damages or statutory damages to be awarded from within a range determined by Congress. DynaStudy has elected to recover statutory damages for any infringement by HISD that you find from a preponderance of the evidence. DynaStudy may recover statutory damages without proving its actual damages, financial benefits to HISD, or other direct economic effects of the infringement.

The Copyright Act gives you broad discretion to determine the amount of statutory damages within the statutory range that you find to be just in light of the evidence presented. The statutory range is from $750 to $30,000 for each separate copyrighted work that you find HISD infringed, if any, in your Answers to Question No. 1. However, if you find that an infringement was willful in your answers to Question No. 2, then as to any willful infringement the maximum statutory range increases up to $150,000 per work infringed and the minimum statutory amount remains $750. You must make one award of statutory damages per copyrighted work that you find that HISD infringed. This is true no matter how many times it was copied or how many copies were made.

In deciding what amount of statutory damages is just, you should take into consideration the purposes and factors that I will describe to you.

The general purposes of statutory damages include the following:

    (1)   Relieving copyright owners of the burden of proving actual damages or profits, if any, earned by the infringers, which are often difficult to prove;

    (2)   Providing adequate compensation to copyright owners;

    (3)   Disgorging any benefits that infringers have obtained through their infringement;

    (4)   Deterring future infringement; and

    (5)   Punishing infringers.

In determining the appropriate amount of statutory damages to award, you may consider the following factors, along with any other relevant circumstances of the infringement:

    (1)   Any expenses HISD saved and the benefits it obtained because of the infringement;

    (2)   The revenues lost by DynaStudy because of the infringement;

    (3)   The difficulty of proving DynaStudy's actual damages;

    (4)   The value of the copyrights;

(5) The circumstances of the infringement, including the number of copies made and the extent and duration of the infringement;

(6) The potential for discouraging HISD from further infringement;

(7) The deterrent effect on others besides HISD;

(8) Whether HISD has cooperated in providing particular records from which to assess the value of the infringing material produced; and

(9) Whether HISD's conduct was innocent or willful.

You are the ultimate judge of the facts and of the appropriate award of damages, within the statutory range.

## QUESTION NO. 3

For each of the following copyrights for which you answered "**yes**" to Question No. 1 and "**no**" to Question No. 2, you must award statutory damages in an amount of not less than $750 and not more than $30,000.

For each of the following copyrights for which you answered "**yes**" **both** to Question No. 1 **and** to Question No. 2, you must award statutory damages in an amount of not less than $750 and not more than $150,000.

Leave blank the answer space for each of the copyrights for which you answered "**no**" in Question No. 1.

Answer in dollars and cents, if any, as to each work for which a damages award is required.

| | | |
|---|---|---|
| 1. | Algebra I EOC Review Guide | $750 |
| 2. | Algebra I EOC Student Course Notes | $100,000 |
| 3. | Algebra II EOC Review Guide | $750 |
| 4. | Biology EOC Review Guide | $150,000 |
| 5. | Chemistry EOC Review Guide | $100,000 |
| 6. | English I EOC Review Guide | $100,000 |
| 7. | English II EOC Review Guide | $750 |
| 8. | Exit Level Science for TAKS Review Guide | $150,000 |
| 9. | Geometry EOC Review Guide | $750 |
| 10. | Grade 3 Math for STAAR Review Guide | $100,000 |

11.  Grade 3 Math for TAKS                                      $ 100,000

12.  Grade 4 Math for STAAR Review Guide                        $ 100,000

13.  Grade 4 Math for TAKS                                      $ 150,000

14.  Grade 4 Reading TAKS                                       $ 150,000

15.  Grade 5 Math TAKS                                          $ 100,000

16.  Grade 5 Reading for TAKS                                   $ 100,000

17.  Grade 5 Math for STAAR Review Guide                        $ 100,000

18.  Grade 5 Science for STAAR Review Guide                     $ 100,000

19.  Grade 5 Science TEKS Aligned Student Guide                 $ 100,000

20.  Grade 5 Science TAKS Review Guide                          $ 150,000

21.  Grade 6 Math TAKS Review Guide                             $ 100,000

22.  Grade 7 Math TAKS Review Guide                             $ 100,000

23.  Grade 7 Writing for TAKS Review Guide                      $ 100,000

24.  Grade 8 Math Eligible TEKS Review and
     Intervention Activity Book                                 $ 150,000

25.  Grade 8 Math TAKS Review Guide                             $ 100,000

26.  Grade 8 Science for STAAR Review Guide                     $ 150,000

27.  Grade 8 Science STAAR Review and
     Intervention Program Activity Book                         $ 100,000

28.  Grade 8 Science TAKS Review Guide                          $ 150,000

29.  Grade 8 Social Studies for STAAR
     Review Guide                                               $ 100,000

30.  Physics EOC Review Guide                                   $ 75,000

31.  Revised Grade 3 Math TAKS Review Guide                     $ 100,000

32.  Revised Grade 6 Math TAKS Review Guide                     $ 100,000

33.  Revised Grade 7 Math TAKS Review Guide                     $ 100,000

34.   Revised Grade 8 Math TAKS Review Guide                     $100,000

35.   World Geography EOC Review Guide-2nd Edition        $100,000

36.   World History EOC Review Guide                            $750

## SPECIAL INSTRUCTION NO. 8

## Digital Millennium Copyright Act

DynaStudy also alleges that HISD violated the Digital Millennium Copyright Act ("DMCA"), which Congress first enacted in 1998, and from time to time has since amended.  The DMCA is a copyright law that prohibits removing or altering **copyright management information** ("CMI") from copyrighted works.

"**Copyright management information**," as applied in this case, is defined in the statute as meaning any of the following information conveyed in connection with copyrighted works:

(1) The title and other information identifying the work, including the information set forth on a notice of copyright;

(2) The name of, and other identifying information about, the author of a work;

(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright;

(4) Terms and conditions for use of the work; or

(5) Identifying numbers or symbols referring to such information or links to such information.

DynaStudy alleges that HISD violated the DMCA in two separate ways:  (1) by removing or altering CMI, *i.e.*, copyright management

32

information, from DynaStudy's copyrighted works and (2) by distributing copies of DynaStudy's copyrighted works knowing that CMI had been removed.

To establish that HISD violated the DMCA, DynaStudy must prove by a preponderance of the evidence (1) that HISD without authorization from DynaStudy, either (A) intentionally removed or altered any copyright management information on DynaStudy's copyrighted works or (B) distributed copies of DynaStudy's copyrighted works knowing that the copyright management information has been removed or altered without DynaStudy's permission, and (2) that when HISD took such action, it knew or had reasonable grounds to know that such would induce, enable, facilitate, or conceal a copyright infringement.

If you find that HISD violated the DMCA, you will need to determine how many violations it committed. A violation of the DMCA occurs each time a violator performs a violative act, regardless of how many copies are made or distributed in that act. For example, if a person sends an e-mail distributing a copyrighted work knowing that CMI had been removed and knowing or having reason to know that doing so would facilitate copyright infringement, that act would be a single violation regardless of how many recipients received the e-mail. However, if the same person on a separate occasion sends the same email to another group of recipients, that would be a second violation.

33

## QUESTION NO. 4

Do you find from a preponderance of the evidence (A) that HISD through its employees violated the Digital Millennium Copyright Act with respect to any of the following copyrighted works?  And, if so, (B) with respect to each work for which you answered "yes," state the number of separate times HISD through its employees committed such a violation.

| | A<br>Answer "Yes"<br>or "No" | B<br>If "yes,"<br>Answer Number<br>of Violations |
|---|---|---|
| 1.  Algebra I EOC Review Guide | Yes | 4 |
| 2.  Biology EOC Review Guide | Yes | 59 |
| 3.  English I EOC Review Guide | Yes | 1 |
| 4.  Exit Level Science for TAKS Review Guide | Yes | 9 |
| 5.  Grade 3 Math for TAKS | Yes | 1 |
| 6.  Grade 4 Math for TAKS | Yes | 14 |
| 7.  Grade 4 Reading TAKS | Yes | 10 |
| 8.  Grade 5 Math TAKS | Yes | 13 |
| 9.  Grade 5 Reading for TAKS | Yes | 6 |
| 10. Grade 5 Science TAKS Review Guide | Yes | 27 |
| 11. Grade 6 Math TAKS Review Guide | Yes | 5 |
| 12. Grade 7 Math TAKS Review Guide | Yes | 5 |
| 13. Grade 8 Math TAKS Review Guide | Yes | 1 |

|  | **A**<br>Answer "Yes"<br>or "No" | **B**<br>If "yes,"<br>Answer Number<br>of Violations |
|---|---|---|
| 14. Grade 8 Science for STAAR Review Guide | Yes | 60 |
| 15. Grade 8 Science TAKS Review Guide | Yes | 28 |
| 16. Grade 8 Social Studies TAKS Review Guide | Yes | 2 |
| 17. Test-Taking Tips | Yes | 11 |

If you answered "yes" as to at least one of DynaStudy's copyrights, proceed to Special Instruction No. 9 and Question No. 5.  If you answered "no" as to all of DynaStudy's copyrights, skip to Special Instruction No. 10 and Question No. 6.

35

## SPECIAL INSTRUCTION NO. 9

### Statutory Damages under the Digital Millennium Copyright Act

The DMCA, like the Copyright Act, allows copyright owners to receive either actual damages or statutory damages. DynaStudy has elected to recover statutory damages for any violations of the DMCA by HISD that you find from a preponderance of the evidence. Keep in mind my earlier instruction that you should not interpret the fact that I am giving instructions about damages as any indication that I believe that DynaStudy should, or should not, be awarded damages in this case.

If you find that HISD violated the DMCA, then you must determine what amount of statutory damages within the statutory range is just in light of the evidence presented. The statutory range is from $2,500 to $25,000 for each violation of the DMCA, that is, for each violative act as I have explained above in Special Instruction No. 8.

In considering the amount of statutory damages for each violation of the DMCA, you may consider all factors that you find relevant, including the difficulty of proving actual damages, the circumstances of the violations, HISD's state of mind or purpose in altering or removing the copyright management information or distributing copyrighted material with the CMI altered or removed, and deterrence against further unlawful behavior, both by HISD and by third parties.

36

Any amount of statutory damages you may award to DynaStudy for HISD's alteration or removal of CMI or distribution of copyrighted material with the CMI altered or removed is separate and in addition to any award of statutory damages you may have found for DynaStudy in your answers to Question No. 3 above, as a result of HISD's infringement of DynaStudy's copyrights.

You are the ultimate judge of the facts and of the appropriate award of damages, if any, within the statutory range.

<u>QUESTION NO. 5</u>

For each, if any, of the following copyrights for which you answered "yes" in column "A" in your answers to Question No. 4, what amount of statutory damages do you award for each separate violation you found in column "B" in your answer to Question No. 4?

> You must select an amount not less than $2,500 and not more than $25,000 for each separate violation. Consider each copyright separately in determining the statutory amount you award for a single DMCA violation of that particular copyright. If you find more than one separate violation of a particular copyright in your answer to Question No. 4, column "B," do <u>not</u> multiply your answer for a single violation by the total number of violations you may have found in column "B." The Court will do the math later. The statutory damages figure you enter should be for only a single violation of that particular copyright, understanding that it will <u>later</u> be multiplied by the Court by the total number of separate violations you find for that particular copyright.

Answer in dollars and cents as to each work for which you found a violation in Question No. 4:

|   | | Statutory Amount for a <u>single</u> violation: |
|---|---|---|
| 1. | Algebra I EOC Review Guide | $75,000 |
| 2. | Biology EOC Review Guide | $75,000 |
| 3. | English I EOC Review Guide | $12,500 |
| 4. | Exit Level Science for TAKS Review Guide | $12,500 |
| 5. | Grade 3 Math for TAKS | $12,500 |
| 6. | Grade 4 Math for TAKS | $25,000 |

7.  Grade 4 Reading TAKS                             $25,000

8.  Grade 5 Math TAKS                                $12,500

9.  Grade 5 Reading for TAKS                         $12,500

10. Grade 5 Science TAKS Review Guide               $25,000

11. Grade 6 Math TAKS Review Guide                  $12,500

12. Grade 7 Math TAKS Review Guide                  $12,500

13. Grade 8 Math TAKS Review Guide                  $12,600

14. Grade 8 Science for STAAR Review Guide          $25,000

15. Grade 8 Science TAKS Review Guide               $25,000

16. Grade 8 Social Studies TAKS Review Guide        $12,500

17. Test-Taking Tips                                $12,500

## SPECIAL INSTRUCTION NO. 10

### Inaccurate Copyright Registration

HISD argues that DynaStudy's copyrights for its (1) Biology EOC Review Guide, (2) Chemistry EOC Review Guide, and (3) Grade 8 Science for STAAR Review Guide are invalid because DynaStudy knowingly included inaccurate information in its applications for federal registration of those copyrights, and the Register of Copyrights would have refused to register the copyrights if it had known of the inaccurate information. Specifically, HISD contends that DynaStudy's applications for each of these three copyrights listed "photographs and artwork" as the only material excluded from each such claim, and that such was inaccurate. As the judges of the facts, you must decide (1) whether DynaStudy included inaccurate information in its copyright applications and (2) whether DynaStudy knew that the information was inaccurate at the time it submitted the applications. If you find from a preponderance of the evidence that HISD has proved that the answer to both questions is "yes," then after you have rendered your verdict, the Court will undertake a further process to determine whether the Register of Copyrights would have refused to register the copyrights if the Register had known of the inaccurate information, and if so, will vacate any damages awarded for infringing any copyrights that are invalid. You are not responsible for the ultimate determination of whether the

40

copyrights were invalid, and whatever answers ~~to those questions~~ you give to these questions does not require you to reconsider any of your earlier answers to Questions Nos. 1-5.

## QUESTION NO. 6

Do you find from a preponderance of the evidence that DynaStudy's listing of photographs and artwork as the only material excluded from the claim in its application for registration of each of the following copyrights was inaccurate?

Answer "Yes" or "No" as to each copyright:

1. Biology EOC Review Guide _____No_____

2. Chemistry EOC Review Guide _____No_____

3. Grade 8 Science for STAAR Review Guide _____No_____

## QUESTION NO. 7

If you found in Question No. 6 that DynaStudy included inaccurate information in its copyright applications, do you find from a preponderance of the evidence that DynaStudy knew that the information was inaccurate at the time it submitted the applications?

Answer "Yes" or "No" as to each copyright:

1.   Biology EOC Review Guide                          _____

2.   Chemistry EOC Review Guide                        _____

3.   Grade 8 Science for STAAR Review Guide            _____

## **Final General Instructions**

**The Verdict:**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, your answers and your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.   The notes are not evidence.   If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

44

When you retire to the jury room to deliberate on your verdict, you should first select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

If, during your deliberations, you should desire to communicate with the Court, please express your message or question in writing signed by the Foreperson, and pass the note to the courtroom deputy who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

Remember at all times you are not partisans.  You are judges --judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

SIGNED at Houston, Texas, on this 23d day of May, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE